**EXHIBIT 1**

Chancery Division Civil Cover Sheet - General Chancery Section         (Rev. 11/06/13) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Commuter Rail Division of the Regional Transportation Authority d/b/a Metra

**Plaintiff**

v.

Wide Open West Illinois, LLC, and Eagle 1 Resources, LLC

**Defendant**

No. _____

2015CH05618
CALENDAR/ROOM 10
TIME 00:00
Injunction

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

0005 ☐ Administrative Review
0001 ☐ Class Action
0002 ☐ Declaratory Judgment
0004 ☒ Injunction

0007 ☐ General Chancery
0010 ☐ Accounting
0011 ☐ Arbitration
0012 ☐ Certiorari
0013 ☐ Dissolution of Corporation
0014 ☐ Dissolution of Partnership
0015 ☐ Equitable Lien
0016 ☐ Interpleader
0017 ☐ Mandamus
0018 ☐ Ne Exeat

0019 ☐ Partition
0020 ☐ Quiet Title
0021 ☐ Quo Warranto
0022 ☐ Redemption Rights
0023 ☐ Reformation of a Contract
0024 ☐ Rescission of a Contract
0025 ☐ Specific Performance
0026 ☐ Trust Construction
     ☐ Other (specify) _____

By: Stephen G. Goins / Stacey M. Atkins

☑ Atty. No.: 17341     ☐ Pro Se 99500

Name: Metra

Atty. for: _____

Address: 547 W. Jackson Boulevard

City/State/Zip Code: Chicago, IL 60661

Telephone: 312.322.7073 / 312.322.7773

Service via email from the opposing party/counsel will be accepted at:

_____

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

Pro Se Only: ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

RECEIVED
15 APR -3 PM 1:18
CLERK OF THE CIRCUIT COURT
DOMESTIC RELATIONS
DOROTHY BROWN CLERK

| | | | |
|---|---|---|---|
| COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY d/b/a METRA | ) ) ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | NO.: | 2015CH05618 |
| | ) | CALENDAR | CALENDAR/ROOM 10 TIME 00:00 Injunction |
| WIDE OPEN WEST ILLINOIS, LLC, and EAGLE 1 RESOURCES, LLC | ) ) ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

## VERIFIED COMPLAINT FOR
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, Commuter Rail Division of the Regional Transportation Authority, d/b/a METRA (collectively "METRA"), for its complaint against the Defendants, WideOpenWest Illinois, LLC ("WOW") and Eagle 1 Resources, LLC ("Eagle 1") (collectively "Defendants") state and allege as follows:

## NATURE OF THIS ACTION

1.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' threatened reckless interference with METRA's railroad property and operations.

2.     Through several deeds executed in the late 1800's, and late 1900's METRA and its predecessor railroads acquired fee simple title to land located in Bartlett, Cook County, Illinois (the "Railroad Property"). See attached Exhibits 1-3.

3.     METRA is the fee simple owner of the Railroad Property, and has exclusive control of the Railroad Property, including all rights in the air above and ground below the surface of the Railroad Property. See attached Exhibit 3.

CLERK OF THE CIRCUIT COURT - COOK COUNTY
00172063 Chancery-01 4/3/2015 1:08PM
ATTY: 17341 023 BHUMIKAS
AD DAMNUM: $0.00
CASE NO: 2015CH05618 CALENDAR: 10
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $337.00

| | |
|---|---|
| Base Filing Fee 6 | $240.00 |
| Document Storage | $15.00 |
| Automation | $15.00 |
| Law Library | $21.00 |
| Arbitration | $10.00 |
| Dispute Resolution | $1.00 |
| Court Services | $25.00 |
| Children Waiting Rm | $10.00 |
| CREDIT CARD: | $337.00 |
| CHANGE | $0.00 |

RECEIPT 0001 OF 0001
TRANSACTION TOTAL: $337.00

THANK YOU

4.      For 142 years, METRA and predecessor railroads have continuously owned and operated a rail corridor and railroad lines on the Railroad Property. METRA uses the Railroad Property as active railroad tracks for commuter rail service. On April 2, 2015, Defendants informed METRA's Right-of-Way Administrator, Donald Whistler, that Defendants planned, without requisite permission and authorization, to perform installation of fiber optic cable directly below METRA's active railroad tracks on Monday, April 6, 2015. See attached Exhibit 4.

5.      In response, METRA's counsel informed Defendant of its objection to the unauthorized work and reasonable safety concerns. See attached Exhibits 7-8.

6.      Defendants' intent to enter the Railroad Property and install cable, or conduct other unauthorized activities thereon without METRA's authorization raises significant safety and operational concerns, especially in light of the thousands of commuters transported along this rail line on a daily basis.  Defendants' unauthorized and unlawful installation would also deprive METRA of the exclusive possession of the Railroad Property and could interfere with METRA's ability to provide commuter rail transportation services to the northeast Illinois region.

7.      Accordingly, METRA requests that this Court issue an order: (i) preliminarily and permanently enjoining Defendants from the unauthorized installation of fiber optic cables, or anything else, within the Railroad Property or otherwise interfering with railroad operations; (ii) ordering the immediate removal, if any installation has already occurred,  at Defendants' sole expense of any fiber optic cables and other property that have previously been installed by Defendants on Railroad Property without METRA's  authorization; (iii) restoring the Railroad Property to the condition it was in before Defendants' activities; and (iv) awarding METRA such other relief as this Court deems just and proper.

**PARTIES**

8.      METRA is an Illinois municipal corporation established through legislation enacted by the Illinois General Assembly in November 1983, which amended the Regional Transportation Authority Act. METRA has its principal place of business located at 547 West Jackson Boulevard, Chicago, Cook County, Illinois 60661.

9.      METRA is one of the largest commuter railroad transportation companies in the United States. METRA provides commuter rail service across a six-county Chicago region. Ex. 4.

10.     Defendant WOW is a Delaware limited liability company authorized to transact business in Illinois, with its principal place of business in Englewood, Colorado. WOW is a cable TV, landline telephone and broadband Internet service provider.

11.     Defendant Eagle 1 is an Alabama limited liability company, with its principal place of business in Auburn, Alabama. Eagle 1's members are David Thomas, Sheila R. Thomas, and Ben Thomas, who are all residents and domiciliaries of Alabama. Eagle 1 purports to provide "consulting management services" on behalf of its client WOW. David L. Thomas is the Managing member of Eagle 1.

**JURISDICTION AND VENUE**

12.     Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to this action are expected to occur within this judicial district and the property that is the subject of this action is situated in Cook County, Illinois, in the Village of Bartlett west of the Illinois Route 59 and south of U.S. Route 20.  In addition, venue is proper because, as discussed below, Defendants are subject to this Court's personal jurisdiction with respect to this action.

13.     Jurisdiction is proper over each Defendant under Illinois's Long-Arm Statute (735 Ill. Comp. Stat. § 5/2-209), as all of Defendants have transacted business within the

State of Illinois, have committed tortious acts or omissions within State of Illinois, and have, on information and belief, entered into contracts for services to be performed or materials to be furnished in the State of Illinois. In addition Defendants have sufficient minimum contacts with the State of Illinois such that this Court's exercise of personal jurisdiction is consistent with due process.

## GENERAL ALLEGATIONS

### METRA Owns and Controls the Railroad Property

14. By Warranty Deed dated June 5, 1873, METRA's predecessor railroads acquired fee simple title to the Railroad Property. Exs. 1-3.

15. METRA is the fee simple owner of the Railroad Property and has exclusive control of the air above and the ground below the surface of the Railroad Property. No other party may use any portion of the Railroad Property without METRA's consent. *Id.*

16. Defendants' proposed underground installation of its fiber optic cable extends approximately 100 feet below the Railroad Property and the active double mainline railroad tracks in the vicinity of Naperville Road, west of Illinois Route 59 and south of U.S. Route 20, Bartlett, Illinois. See attached Exhibit 5.

17. Defendants have falsely represented that they have the right to conduct the proposed unauthorized installation activities on the Railroad Property. None of the Defendants have any right to use the Railroad Property. The proposed installation is not within a public road right-of-way. Likewise, there is no public utility easement at the site of the proposed installation.

**METRA's Standard Policy and Reasonable Access Requirements for the Installation of Utilities On, Under or Over METRA's Railroad Property**

18.     For the safety and integrity of METRA's federally regulated railroad operations, METRA has standard policies and access requirements for outside parties seeking to install utilities on, under or over METRA's active railroad property. A true and correct copy of METRA's Contractor Notes, Safety Instructions and General Notes given to each contractor authorized to perform work on, under or over METRA's Railroad property are attached hereto as Exhibit 9.

19.     Any outside party seeking to perform utility installation work on METRA's railroad rights-of-way must first submit a completed application to METRA for engineering review and approval before any work is commenced on METRA railroad property. *Id.*

20.     Pursuant to METRA's Property Access requirements, METRA requires that any outside party must obtain commercial general liability and railroad protective liability insurance coverage prior to commencing any authorized work on METRA's railroad property. *Id.*

21.     To ensure the safety of the public and METRA's railroad operations, each proposed installation project must also be reviewed by METRA to determine, in its sole discretion, the need for METRA flagmen and engineering personnel to be present and/or other safety precautions during any authorized and approved work on METRA's active railroad property. Upon final approval and grant of easement, any outside party seeking to perform utility installation work on METRA's railroad right-of-way must enter into a Right-of-Entry Agreement to coordinate the appropriate flagging and/or inspection services. *Id.*; Ex. 4; see attached Exhibit 10.

**Defendants Have Disregarded and Intend to Continue Disregarding METRA's Safety and Permitting Requirements by Recklessly Installing Fiber Optic Cables Within METRA's Railroad Property**

22.     Eagle 1 sent a letter to METRA dated November 5, 2014 ("Letter"). The purported purpose of the Letter was to "discuss [WOW's] proposed installation within the limits of Naperville Road / CH 44V near Bartlett, Cook County, Illinois" with METRA. Ex. 5.

23.     In the Letter, Eagle 1 falsely represented that WOW's proposed fiber optic cable installation was on "a public road right of way" and/or "public utility easement." *Id.*

24.     Contrary to Eagle 1's false assertions, WOW's intended fiber optic cable installation is proposed to be installed on METRA's fee simple-owned Railroad Property, and the location of Defendants' proposed underground installation across the Railroad Property is outside of any public road right-of-way. Exs. 1-3.

25.     Defendants have failed to comply with METRA's reasonable safety and engineering permitting requirements and are planning the unauthorized fiber optic cable installation on Railroad Property without further notice to METRA, without METRA's approved protective liability insurance and without the presence of a METRA flagman and/or inspector to be present during the attempted installation, and disregarded Plaintiffs' property rights.

26.     Under no circumstances is any installation or other work activities allowed on the Railroad Property, without the written approval and confirmation of METRA. Failure to comply with METRA's property access requirements and coordinate with METRA could result in severe disruption to railroad operations, damage to railroad equipment and facilities, including fouling METRA's double track, and grave harm to the daily commuters, installation crew, METRA employees, and/or the public. In other cases involving unauthorized and undisclosed utility installations, METRA has experienced safety risks and significant

disruptions to rail traffic, including the imposition of slow orders and delays across METRA's rail network.

### Defendants Intention is to Trespass on the Railroad Property to Install Fiber Optic Cable Without METRA's Authorization

27.     METRA has been informed that on April 6, 2015, in complete disregard for the safety of METRA daily commuters, operations, employees, equipment and the public, WOW and Eagle 1 plan to knowingly and voluntarily enter upon the Railroad Property to attempt the unauthorized fiber optic cable underground installation without a necessary METRA flagman present to communicate with oncoming trains and without METRA's engineering personnel and/or inspector present to ensure that Defendants' activities do not damage or disrupt Railroad Property, rail operations and equipment, and do not violate METRA's property rights.

28.     In response to an August 13, 2014, Letter from Eagle 1 advising METRA of another proposed unauthorized installation of fiber optics under METRA's railroad property along its Milwaukee District Rail Line, METRA, through an electronic message dated August 19, 2014, advised Mr. Thomas that through a contractual arrangement, CMC Real Estate Corporation ("CMC"), the predecessor railroad, retained the contractual rights to negotiate fiber optic installations under the METRA's Milwaukee District Rail Line, and Eagle 1 was directed to contact the representative of CMC, and upon completion of that negotiation, METRA would then process the necessary Easement Agreement and ROE Agreement for access to METRA's Railroad Property. See attached Exhibit 6.

29.     On Friday, September 5, 2014, Plaintiffs' legal counsel further advised David Thomas of Eagle 1, in writing, that METRA does not allow trespassing or unauthorized use on its right-of-way, and Mr. Thomas was directed to work with METRA's Real Estate

Department to acquire the necessary easement to allow for the use proposed by WOW and Eagle 1. Ex. 7.

30.     On Friday, October 10, 2014, METRA's counsel further advised Mr. Thomas in an email message that METRA's position to Defendant's access to the property had not changed. Ex. 8.

31.     Upon information and belief, Defendants have engaged in similar unlawful, unauthorized and surreptitious behavior on the properties of numerous other railroad carriers, both commuter and freight, thereby knowingly compromising safe rail operations.

32.     In fact, on March 27, 2015, upon presentation of a similar Complaint and corresponding Motion for a Temporary Restraining Order by CSX Transportation (Case No. 15 CH 4971), the Honorable Judge Richard D. Atkins of the Circuit Court of Cook County, Chancery Division, entered a Temporary Restraining Order, immediately restraining the Defendants from entering upon or otherwise interfering with CSX's Railroad Property and related railroad operations located in Bridgeview, Cook County, Illinois. Additionally, CSX has been required to file a similar Complaint in March of 2015 in Porter County, Indiana against these same Defendants for the same offensive and illegal conduct.

33.     Based upon Defendants' prior conduct, METRA has a reasonable belief that Defendants will, without METRA's requisite consent or authorization, knowingly and surreptitiously attempt to install fiber optic cable under or above the Railroad Property, thereby interfering with METRA's exclusive use and possession of the Railroad Property and its clearly established property rights.

34.     Defendants' unauthorized and unsupervised installation of fiber optic cable within the Railroad Property poses imminent hazards to METRA's vital equipment and facilities that could jeopardize the safety of rail operations and the integrity of METRA's

track structure, which could lead to injuries to METRA's daily commuters, to METRA's equipment and personnel, to Defendants and/or the public. Ex. 10.

35.     Defendants have no right or interest, contractual or otherwise, in the Railroad Property.

## COUNT ONE
### (Common Law Trespass by Defendants)

36.     METRA realleges and incorporates by reference the allegations of Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

37.     METRA owns the Railroad Property in fee simple and METRA has the exclusive right to control it.

38.     Upon information and belief, WOW and Eagle 1, are planning to enter the Railroad Property to install fiber optic cable without METRA's permission or authorization.

39.     Defendants' imminent invasion of METRA's property rights is an injury in itself that is not capable of purely monetary compensation and will create a substantial danger in that METRA may suffer catastrophic harm to its active railroad corridor and systems and continued safe and efficient railroad operations.

40.     METRA is entitled to equitable relief in the form of (1) a preliminary and permanent injunction prohibiting Defendants from committing any further trespass on the Railroad Property and (2) a permanent injunction requiring Defendants to remove, at their own expense and in coordination with and under the supervision of METRA, any fiber optic cables or other appurtenances installed on the Railroad Property.

41.     Defendants will not be harmed by the requested equitable relief because they have no right to enter to the Railroad Property.

**WHEREFORE**, METRA respectfully requests that this Court grant judgment in its favor and enter an Order preliminarily and permanently enjoining Defendants from committing any further trespass on the Railroad Property and a permanent injunction requiring Defendants to remove, at their own expense and in coordination with and under the supervision of METRA, any fiber optic cables or other appurtenances installed on the Railroad Property, and further granting any such other relief as this Court deems fair and just under the circumstances.

Respectfully submitted,

Stacey McGlynn Atkins, Associate General Counsel for Metra

Stacey McGlynn Atkins
Metra Law Department – Firm No. 17341
547 W. Jackson Blvd., 15th Flr.
Chicago, Illinois 60661
312.322.7773 – direct
312.322.6998

WARRANTY DEED.—Gazette Printing Company, Printers and Book Binders, Elgin, Ill.

## This Indenture

Made this *Fifth (5th)* day of *June* in the year of our Lord One Thousand Eight Hundred and *Seventy three (1873)* BETWEEN *Mary Merrefield (widow) & Mary A Davis & Rufell Davis her husband* of the *Town of Hanover* County of *Cook* & State of *Illinois parties* of the first part, and

*The Chicago & Pacific Rail Road Company party* of the second part,

WITNESSETH, That the said party of the first part, for and in consideration of the sum of *($2345) Two Hundred & Thirty four* Dollars in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have GRANTED, BARGAINED AND SOLD, and by these presents do GRANT, BARGAIN AND SELL, unto the said party of the second part, *its successors* heirs and assigns, all the following described lot, piece, or parcel of land, situated in the *Town of Hanover* in the County of *Cook* and State of Illinois, to wit: *A part of the West Half (½) of the North West quarter (¼) of Section Thirty three (33) Township No Forty one (41) North Range Nine (9) East of 3rd P.M. described as follows, to wit. A strip of land fifty (50) feet in width on each side of and parallel with the center line of said Chicago & Pacific Rail Road now to serve as hereafter surveyed. Located and now occupied by said Performy, as shown by the Maps, Charts and Surveys of their said Road and containing 3 2½⁄₁₀₀ acres,—*

TOGETHER with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever, of the said party of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances: TO HAVE AND TO HOLD the said premises above bargained and described, with the appurtenances, unto the said party of the second part *its successors* heirs and assigns FOREVER. And the said *Mary Merrefield, Mary A Davis & Russell Davis* part *ies* of the first part, hereby expressly waive, release and relinquish unto the said party of the second part, *its successors* heirs, executors, administrators and assigns, all right, title, claim, interest and benefit whatever, in and to the above described premises, and each and every part thereof, which is given by or results from all laws of this State pertaining to the exemption of homesteads.

And the said *Mary Merrefield Mary A Davis & Rufsell Davis* party of the first part, for *themselves & their* heirs, executors and administrators, do covenant, grant, bargain and agree to and with the said party of the second part *its successors* heirs and assigns, that at the time of the ensealing and delivery of these presents, *they are* well seized of the premises above conveyed, as of a good, sure, perfect, absolute and indefeasible estate of inheritance in law, and in fee simple, and have good right, full power and lawful authority to grant, bargain, sell and convey the same in manner and form aforesaid, and that the same are free and clear from all former and other grants, bargains, sales, liens, taxes, assessments and encumbrances, of what kind or nature soever, and the above bargained premises, in the quiet and peaceable possession of the said party of the second part, *its successors* heirs and assigns, against all and every person or persons lawfully claiming or to claim the whole or any part thereof, the said party of the first part shall and will WARRANT AND FOREVER DEFEND.

IN TESTIMONY WHEREOF, The said part *ies* of the first part, ha *ve* hereunto set *their* hand *s* and seals the day and year first above written.

Signed, Sealed and Delivered in Presence of

*A. V. Davis*

*Mary Merrefield*

*Mary A Davis*

*R A Davis*

RE 7565

**Exhibit 1**

**STATE OF ILLINOIS,**

City of Elgin ... Kane ... COUNTY. } ss.

In and for said County in the State aforesaid, do hereby certify that ... 

... personally known to me to be the same person ... whose name ... subscribed to the annexed instrument appeared before me this day in person, and acknowledged that ... he ... signed, sealed and delivered the said instrument in writing as ... their ... free and voluntary act, for the uses and purposes therein set forth.

And the said ... Mary A. Davis ... wife of the said ... Rudolph A. Davis ...

... having been by me examined, separate and apart, and out of the hearing of her husband, and the contents and meaning of the said instrument in writing having been by me fully made known and explained to her, and she also by me being fully informed of her rights under the Homestead Laws of this State, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, and also all her rights and advantages under and by virtue of all Laws of this State relating to the Exemption of Homesteads, without compulsion of her said husband, and that she does not wish to retract the same.

Given under my hand and notarial seal, this ... day of ... June ... A.D. 18 73

Albert T. Lewis

Notary Public

RE 7565

Deed No. 7565

**WARRANTY DEED**

Mary Merrifield
Mary A. Davis & R. A. Davis
TO
Chicago & Pacific R.R. Co.

STATE OF ILLINOIS, } ss.
... COUNTY.

No. 118376

I, ... Daniel Stewart ...

Clerk of the Circuit Court and ex-officio Recorder, within and for the County of ... Cook ...
and State aforesaid, do hereby certify that the within and foregoing instrument of Writing was filed for record on the ... day of ... July ... A.D. 18 ...
at ... o'clock, ... M., and duly recorded in Volume ... Book 342 ... of Records, on page 196 Aug 7 AD 1878
In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Court the day and date first aforesaid.

J. Stewart ... Clerk.
... Deputy Clerk.

Garden Printing Company, Printers and Book Binders, Elgin, Ill.

COOK CO. SUBS.
DEEDS
2700
No. ...

ENTERED
Joseph Pollack
County Clerk.

8 7 4 9

87495652

77 B 8999

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN THE MATTER OF           )    In Proceedings For The
CHICAGO, MILWAUKEE, ST. PAUL )  Reorganization of a
and PACIFIC RAILROAD COMPANY, ) Railroad
                           )
.Debtor.                   )    No. 77 B 8999

═══════════════════════════════════════════════

REGIONAL TRANSPORTATION     )
AUTHORITY, an Illinois      )
municipal corporation,      )
                            )
          Plaintiff,        )
                            )
     v.                     )    No.  85 C 05969
                            )
CMC REAL ESTATE CORP.,      )
a Wisconsin corporation;    )
CHICAGO MILWAUKEE CORPORATION,)
a Wisconsin corporation;    )
1,132 ACRES OF LAND, MORE   )
OR LESS, comprising         )
a certain railroad          )
right-of-way between Canal  )
street in Chicago, Illinois )
and Fox Lake, Illinois, and )
between Pacific Junction    )
(Tower A-5) and Almora,     )
Illinois; certain personal  )
property related to the     )
operation of commuter rail  )
services over said right-   )
of-way; and certain UNKNOWN )
OWNERS,                     )
                            )
          Defendants.       )

DOCKETED
SEP 4 1987

Sent for Microfilming
SEP 3 1987
Filmed on _____

87495652

### FINAL JUDGMENT ORDER

This matter coming to be heard on the Amended Complaint of

the plaintiff, Regional Transportation Authority ("RTA"), to

ascertain the just compensation for taking property for public

**Exhibit 2**

8 7 4 9 5 6 5 2

purposes, as set forth in the Amended Complaint and the attached Stipulation;

And it appearing to the Court that the defendants to this matter have been served by process as provided by statute or have voluntarily entered their appearance;

That the Court has jurisdiction of the subject matter of this proceeding and of all parties hereto;

That the RTA has authority to exercise the right of eminent domain, that the property sought to be acquired herein is subject to the exercise of such right, and that such right is being properly exercised in this proceeding;

That all interested parties are before the Court and have waived a jury, and the Court has received evidence, both oral and documentary, pertaining to the subject matter and has considered the Stipulation entered into between the parties regarding, _inter alia_, the amount of just compensation to be paid to defendant CMC Real Estate Corporation ("CMC"), which Stipulation is on file in this Court and is incorporated herein and made a part of this Judgment Order (a copy of which is attached hereto as Exhibit A), and that this matter is now fully compromised and settled.

It Is Therefore Ordered, Adjudged And Decreed as follows:

(1) that Just Compensation for CMC's interest in the property sought to be acquired herein (the "Acquired Property" as defined in the attached Stipulation) is $67,900,000, and certain non-cash considerations as set forth in the attached Stipulation,

8 7 4 9 5 6 5 2

to be paid to CMC according to the terms of the attached Stipulation;

(2) that, aside from the exceptions and reservations provided in the Stipulation, all right, title and interest of CMC, Chicago Milwaukee Corporation, and all Unknown Owners in the Acquired Property is hereby vested in the RTA as set forth in the Stipulation;

(3) that no existing interest of the municipalities and public entities identified in ¶24 of the Amended Complaint, Consolidated Rail Corporation, the Soo Line Railroad Company, the Chicago and Northwestern Railway Company, National Passenger Railroad Corporation, AT&T Communications, Inc., MCI Tele-communications Corporation, Western Union Telegraph Company or any of the various licensees or easement holders identified in Exhibit B attached hereto, is vested in the RTA;

(3a). notwithstanding anything in the Stipulation or elsewhere in this Judgment Order, neither the Stipulation nor this Judgment Order shall vest in RTA or Metra any property or property rights of Soo Line which may have been included in the Acquired Property;

(4) that subject to the terms and conditions of the attached Stipulation, the RTA is authorized to take possession of and use the Acquired Property on or after the date of the entry of this Final Judgment Order;

(5) that this Court retains jurisdiction for the enforcement, determination and adjudication of any matters which

-3-

8 7 4 9 5 6 5 2

may arise with respect to the Acquired Property, the 4.04
obligations as defined in the Stipulation, or any other matter
relating to the terms, rights, and obligations set forth in the
attached Stipulation or the Schedules, Exhibits, Agreements and
instruments attached to, referred in, or contemplated by that
Stipulation.

Dated: _September 4, 1987_

United States District Judge

-4-

Minute Order Form
(rev. 4/86a)

87495652 · · 77 B 8999

XS 6

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| Name of Assigned Judge | Prentice H. Marshall | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 85 C 05969 | Date | September 4, 1987 |
| Case Title | Regional Transportation Authority v. CMC Real Estate Corp., et al. | | |

**MOTION:** (In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3d-party plaintiff, and (b) state briefly the nature of the motion being presented.)

Motion For Entry Of Judgment

~~Sent for Microfilming~~

SEP 3 1987

~~Filmed on~~

**DOCKET ENTRY:** (The balance of this form is reserved for notations by court staff.)

(1) ☐ Judgment is entered as follows:      (2) ☐ [Other docket entry:]

Final Judgment Order entered. (See draft for particulars)

(3) ☐ Filed motion of [use listing in "MOTION" box above].
(4) ☐ Brief in support of motion due _____
(5) ☐ Answer brief to motion due _____, Reply to answer brief due _____
(6) ☐ Hearing Ruling on _____ set for _____ at _____
(7) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(8) ☐ Pretrial conference ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(9) ☐ Trial ☐ set for ☐ re-set for _____ at _____
(10) ☐ Bench trial ☐ Jury trial ☐ Hearing held and continued to _____ at _____
(11) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(l) ☐ FRCP 41(a)(2)
(12) ☐ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| X | No notices required. | **FILED** | | number of notices | Document # |
|---|---|---|---|---|---|
| | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | SEP 0 4 1987 | SEP 4 1987 | | |
| | Docketing to mail notices. | | | docketing dpty. initials | |
| | Mail AO 450 form. | | | | |
| | courtroom deputy's initials | H. STUART CUNNINGHAM, CLERK UNITED STATES DISTRICT COURT | | date mld. notices | |
| rld | | Date/time received in central Clerk's Office | | mailing dpty. initials | |



Certified Copy (Rev. 9/82)

# MISCELLANEOUS

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

I, H. Stuart Cunningham, Clerk of the United States District Court for the

Northern District of Illinois, do hereby attest and certify that the annexed

document is a full, true, and correct copy of the original(s) on file

~~documents are~~

in my office and in my legal custody.

IN TESTIMONY WHEREOF, I have hereunto
subscribed my name and affixed the seal of
the aforesaid Court at Chicago, Illinois,
on _9/8/87_ .

H. STUART CUNNINGHAM

Clerk

87405652

By: _____

Deputy Clerk

Please Return To:

Barnett P. Ruttenberg
Katten Muchin & Zavis
525 West Monroe Street
Suite 1600
Chicago, Illinois 60606

0 7 4 9 5 6 5 2

## Stipulation Exhibits and Schedules

### For That Certain Stipulation
### by and between
### METRA, RTA, and CMC Real Estate Corporation

87495652

87495652

Exhibit 1-A

Legal Description of Acquired Realty

87495652

8 7 4 9 5 6 5 2

EXHIBIT 9.4(c)

[KATTEN MUCHIN & ZAVIS]

[DATED SAME DATE AS ORDER]

CMC Real Estate Corporation
547 West Jackson Boulevard
Suite 1510
Chicago, Illinois  60606

Re:  Regional Transportation Authority v. CMC Real
Estate Corporation, No. 85 C 5969

Gentlemen:

In reference to our opinion letter to you dated _____,
1987, to which this letter is a supplement, please be advised
that, based solely upon the certificates attached hereto as
Exhibit A and B and review of our files concerning completed,
pending or threatened litigation in which we have represented
Metra, and without further investigation, all opinions set forth
therein are, subject to the same qualifications and assumptions
set forth in such opinion, our opinions as of the date hereof.

Very truly yours,

[KATTEN MUCHIN & ZAVIS]

87495652

87495652

### Section 33-41-9

The 100 foot right of way of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company running Easterly and Southeasterly across the Northwest 1/4 and the Northeast 1/4 of Section 33, Township 41 North, Range 9 East of the Third Principal Meridian, the center line of said 100 foot right of way extends from a point in the West line of aforesaid Northwest 1/4, approximately 242 feet South of the Northwest corner of said Northwest 1/4 to a point in the East line of aforesaid Northeast 1/4, approximately 758 feet North of the Southeast corner of said Northeast 1/4, in Cook County, Illinois

also

That part of the Northwest 1/4 of the Northeast 1/4 of Section 33, Township 41 North, Range 9 East of the Third Principal Meridian, described as follows:

Commencing at the intersection of the West line of said Northwest 1/4 of the Northeast 1/4 and the South line of the Chicago, Milwaukee, St. Paul and Pacific Railroad Company right of way, thence Easterly along the Southerly line of said right of way 1131 feet, thence Southerly at right angles 20 feet, thence Westerly along a line parallel to and 20 feet Southerly measured at right angles from said Southerly right of way line 1130 feet, more or less, to the West line of said Northwest 1/4 of the Northeast 1/4, thence North along said West line to the point of beginning, in Cook County, Illinois

W-40

LEGAL FORMS
February, 1985

QUIT CLAIM DEED
Statutory (ILLINOIS)
(Corporation to Corporation)

*MISCELLANEOUS*

CAUTION: Consult a lawyer before using or acting under this form. Neither the publisher nor the seller of this form makes any warranty with respect thereto, including any warranty of merchantability or fitness for a particular purpose.

THE GRANTOR   Regional Transportation Authority,

a municipal

a corporation created and existing under and by virtue of the laws of
the State of ___Illinois___ and duly authorized to transact
business in the State of ___Illinois___, for the consideration
of ___Ten and No/100 ($10.00)___-------------------------
----------------------------------DOLLARS,
--------------------------------------, in hand paid,
and pursuant to authority given by the Board of ___Directors___
of said corporation, CONVEYS and QUIT CLAIMS to
Commuter Rail Division of the Regional
Transportation Authority, a xxxxxxxxxx

a corporation organized and existing under and by virtue of the laws of the State of ___Illinois___
having its principal office at the following address ___547 W. Jackson Boulevard, Chicago, Illinois___
___60601___ all interest in the following described Real Estate situated in the County of
and State of Illinois, to wit:

87495654

(The Above Space For Recorder's Use Only)

        See Exhibit "A" attached hereto and incorporated herein by this reference.

        Exhibit A is comprised of a legal description (Exhibit A-1)
        and a series of maps (Exhibit A-2).  It is the intention of
        the parties that in the event of a conflict between Exhibits
        A-1 and A-2, the maps comprising Exhibit A-2 shall control.

Permanent Real Estate Index Number(s): _____
Address(es) of Real Estate: _____

In Witness Whereof, said Grantor has caused its corporate seal to be hereto affixed, and has caused its name to be
signed to these presents by its ___President___, and attested by its _____ Secretary, this ___3___
day of ___September___, 19_87_.   Chairman

                    Regional Transportation Authority
                    (NAME OF CORPORATION)
IMPRESS        BY ___Samuel K. Skinner___ Chairman ___PRESIDENT___
CORPORATE SEAL
HERE
ATTEST: ___Edmund J. Wolff___
                                        SECRETARY

State of Illinois, County of ___Cook___ ss. I, the undersigned, a Notary Public, in and for the County
and State aforesaid, DO HEREBY CERTIFY, that _____ personally known to
me to be the ___President___ of the   Regional Transportation Authority, a
Chairman                                municipal
corporation, and _____ personally known to me to be
the ___Secretary___ of said corporation, and personally known to me to be
the same persons whose names are subscribed to the foregoing instrument, appeared
before me this day in person and severally acknowledged that as such _____
IMPRESS        ___President___ and ___Secretary___, they signed and delivered the said instru-
NOTARIAL SEAL  ment and caused the corporate seal of said corporation to be affixed thereto,
HERE           pursuant to authority given by the Board of ___Directors___ of said corporation, as
               their free and voluntary act, and as the free and voluntary act and deed of said
               corporation, for the uses and purposes therein set forth.

Given under my hand and official seal, this ___3___ day of ___September___ 19_87_.
        My Commission Expires May 4, 1989
Commission expires _____ 19___   ___Sarah Della___
                                            NOTARY PUBLIC

This instrument was prepared by ___Daniel M. McCarthy, Esq., 525 W. Monroe Street, Suite 1600___
                                (NAME AND ADDRESS)   Chicago, IL 60606-3693

AFFIX "RIDERS" OR REVENUE STAMPS HERE

I hereby declare this Deed represents a transaction exempt under the
provisions of ¶E, §4 of the Real Estate Transfer Tax Act; ¶(e), §200.1-2B6
of the Chicago Transaction Tax Ordinance; and ¶(e), §IV of the Cook County
Transaction Tax Ordinance. Dated: 9/3/87  Signed: _____

MAIL TO:
    Daniel M. McCarthy, Esq.
    (Name)
    525 W. Monroe Street, Suite 1600
    (Address)
    Chicago, Illinois 60606-3693
    (City, State and Zip)

OR   RECORDER'S OFFICE BOX NO. _____

SEND SUBSEQUENT TAX BILLS TO:
    METRA
    (Name)
    547 W. JACKSON
    (Address)
    Chicago  Ill  60606
    (City, State and Zip)

**Exhibit 3**

Exhibit A-1:  Quit Claim Deed

Legal Description of Acquired Realty

87495654

87495654

### Section 33-41-9

The 100 foot right of way of the Chicago, Milwaukee, St. Paul and
Pacific Railroad Company running Easterly and Southeasterly across
the Northwest 1/4 and the Northeast 1/4 of Section 33, Township 41
North, Range 9 East of the Third Principal Meridian, the center line
of said 100 foot right of way extends from a point in the West line
of aforesaid Northwest 1/4, approximately 242 feet South of the
Northwest corner of said Northwest 1/4 to a point in the East line
of aforesaid Northeast 1/4, approximately 758 feet North of the
Southeast corner of said Northeast 1/4, in Cook County, Illinois

also

That part of the Northwest 1/4 of the Northeast 1/4 of Section 33,
Township 41 North, Range 9 East of the Third Principal Meridian,
described as follows:

Commencing at the intersection of the West line of said Northwest
1/4 of the Northeast 1/4 and the South line of the Chicago, Milwaukee,
St. Paul and Pacific Railroad Company right of way, thence Easterly
along the Southerly line of said right of way 1131 feet, thence
Southerly at right angles 20 feet, thence Westerly along a line
parallel to and 20 feet Southerly measured at right angles from
said Southerly right of way line 1130 feet, more or less, to the
West line of said Northwest 1/4 of the Northeast 1/4, thence North
along said West line to the point of beginning, in Cook County, Illinois

W-40



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY d/b/a METRA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.: |
| WIDE OPEN WEST ILLINOIS, LLC, and EAGLE 1 RESOURCES, LLC, | ) ) ) | CALENDAR |
| Defendants. | ) ) | |

### AFFIDAVIT OF DONALD WHISTLER

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I Donald Whistler, hereby certify that the statements set forth herein are true and correct to the best of my knowledge, information, and belief.

1.    My name is Donald Whistler. I am an adult individual over the age of 18 years and am competent to make this affidavit. Unless stated otherwise herein, the facts set forth are from my own personal knowledge or from my review of business records kept in the ordinary course of business by METRA.

2.    I am currently employed as the Right of Way Administrator for METRA. I have held this position for seven months. Prior to my employment with METRA I was employed by a contractor servicing the Federal Aviation Administration. In that position, I worked for 5 years reviewing land lease agreements for aviation navigation equipment. In total I have approximately 6 years of transportation real estate experience. I have held my Illinois Real Estate License since 1982.

3.    METRA is one of the largest passenger commuter railroad companies in the United States. METRA provides common carrier passenger rail transportation services across a

**Exhibit 4**

network consisting of approximately 500 track miles, linking communities in the six counties of the Northeast Illinois Region.

4.      As the Right of Way Administrator for METRA, I am primarily responsible for drafting and processing various agreements required to manage railroad rights of way. I also coordinate the required approvals from the Engineering, Legal, and Risk Management Departments for all Right of Way projects including projects of the type at issue in this litigation.

5.      METRA maintains the Milwaukee District West Line that runs from Chicago to Big Timber Road in Elgin, Illinois. The property subject to this litigation is located along the Milwaukee District West Line in Bartlett, Cook County, Illinois.

6.      I am aware of Defendants' proposed underground installation of fiber optic utility cables under the Rail Line at Naperville Road in Bartlett, Cook County, Illinois without a Right of Entry Agreement, engineering approvals, and without coordination from METRA to ensure that flagmen and/or inspectors are on-site during the construction under the Rail Line.

7.      The foregoing right of entry, engineering approvals, and flagmen are necessary in order to properly ensure the safety of METRA employees, METRA locomotives and rolling equipment, Metra railroad track, and the traveling public.

8.      On April 2, 2015 I participated in a telephone conversation with Defendant WOW's Construction Engineer, Mr. Chris Naylor. Mr. Naylor related that his employer intended to proceed with the installation of fiber optic wire at the Naperville Road / CH 44V grade crossing in Bartlett, Cook County, Illinois on Monday April 6, 2015.

**Remainder of Page Intentionally Left Blank**

FURTHER AFFIANT SAYETH NAUGHT

_____
Donald Whistler

_____
Date

Sworn to and subscribed before me
on this 3rd day of April, 2015

_____
Notary Public

Tiesheia Q.L. Brown
Print Name

OFFICIAL SEAL
TIESHEIA Q L BROWN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/02/19

The said Donald Whistler is personally known to me.





info@eagle1resources.com
www.eagle1resources.com

November 5, 2014                    **Certified Mail # 7013 0600 0000 3071 8484**

Mr. Donald Whistler
**Right of Way Administrator**
**Metra Real Estate Department**
**547 West Jackson Blvd., 15th Floor**
**Chicago, IL 60661**

Subject:            **Proposed installation of a Fiber Optics line at the Northeast IL**
**Regional Commuter Rail Corp. [NIRC] Corridor within the**
**limits of Naperville Road / CH 44V near Bartlett, Cook County,**
**Illinois.**

**Crossing # 372210R – Naperville Road / CH 44V**
**Bartlett, Cook County, Illinois**
**Milepost 31.87,**
**Milwaukee Division / Elgin Subdivision**

**Dear Mr. Whistler:**

Eagle 1 Resources is a strategic planning company which provides consultant management
services to the utility industry. We are contacting you today on behalf of our client, Wide Open
West, of Naperville, Illinois. Our purpose in contacting you is to discuss a proposed installation
within the limits of Naperville Road / CH 44V near Bartlett, Cook County, Illinois.

The following summary should provide you with an outline of our proposed project installation.

- A copy of the proposed plan, cross-section, and the specifications of this project has
  been developed and included in this communication packet to NIRC railroad. The
  installation will be an underground Fiber Optics cable installation within a 4" HDPE
  casing. The bore pits are located outside the NIRC railroad right of way. The proposed
  installation far exceed the NIRC railroad minimum requirements and the AREMA
  Standards reviewed for this proposed installation.

- This installation conforms to all federal, state, county, and city laws applicable at this
  time.

Eagle 1 Resources LLC   2572 Weston Street   Auburn, AL 36832     office: 334.209.0508

**Exhibit 5**

Our attorneys have advised us that the following federal regulations apply to the proposed work location:

### Code of Federal Regulations (CFR) Title 23: 924.3 Definitions;

- *Public grade crossing* means a railway-highway grade crossing where the roadway is under the jurisdiction of and maintained by a public authority and open to public travel. All roadway approaches must be under the jurisdiction of the public roadway authority, and no roadway approach may be on private property.

- *Public road* means any highway, road, or street under the jurisdiction of and maintained by a public authority and open to public travel.

The proposed crossing has been researched in the Federal Railroad Administration Highway - Railroad Crossing Inventory Database and this crossing has been identified as a "Public at Grade" crossing. A copy of this information is attached for your review. We are unaware of any requirements to compensate the railroad industry for a utility installation on land dedicated to public use. A recent court case in Indiana addressed this issue and it was determined that a railroad was not entitled to compensation for a Highway Railroad Public Roadway Crossing.

A copy of WOW's Commercial General Liability Insurance, naming The NIRC Railroad as a certificate holder, has been included with this transmittal letter. In addressing the Railroad Protective Liability (RPL) request, our client is willing to meet and/or exceed any coverage which would be provided by RPL insurance. We are unaware of any legal requirement for a utility to provide the railroad with RPL insurance coverage when installing a utility at a public highway railroad crossing / intersection. If you would provide our office with any legal basis for the request for RPL insurance, our attorneys will review and advise our client accordingly.

Illinois Law 220 ILCS 60 - Telephone Line Right of Way Act and Illinois Law 220 ILCS 65 - Telephone Company Act covers the installation of utilities within the bounds of a public road right of way. These Illinois laws support the position that utilities have the right to install their facilities within the bounds of the public road right of way without license fees. Nowhere in these laws does it state that a utility is required to pay a railroad company for the use of a public road right of way.

The land records of this property indicate that this crossing is located in a public road which is maintained by the IL Department of Transportation. The proposed installation will be within the public roadway limits of Naperville Road / CH 44V in Bartlett, Cook County, Illinois. If you believe the crossing location is not within a public road right of way, please provide recorded instruments listing showing the railroad's property interest and we will review those documents. Please be sure you thoroughly research the Interstate Commerce Commission (ICC) Valuation records to verify that the land described in your documents is not already dedicated

to public use on ICC Form #107. You can find this information under Interstate Commerce Commission Order #7 issued November 21, 1914.

47 USCA §541(a)(2), which discusses the rights of cable franchisees, states:

> Any franchise shall be construed to authorize the construction of a cable system over public rights-of-way, and through easements, which is within the area to be served by the cable system and which have been dedicated for compatible uses, except that in using such easements the cable operator shall ensure—
>> (A) that the safety, functioning, and appearance of the property and the convenience and safety of other persons not be adversely affected by the installation or construction of facilities necessary for a cable system;
>> (B) that the cost of the installation, construction, operation, or removal of such facilities be borne by the cable operator or subscriber, or a combination of both; and
>> (C) that the owner of the property be justly compensated by the cable operator for any damages caused by the installation, construction, operation, or removal of such facilities by the cable operator.

Our attorneys advise that this Federal law generally prohibits railroads from charging crossing fees to cable franchisees for installations in public rights of way.

Under the Illinois Crossing Railroad Right-of-way Act (220 ILCS 70/1, *et seq.*), any land management crossing fee is limited to $1,500.00. WOW is not required to pay this crossing fee because this installation is located in the public right of way and is subject to 47 USCA §541(a)(2). Obviously, the $150,000.00 crossing fee requested by your office would also appear to violate both the Illinois and Federal statutes.

Based on the foregoing, WOW does not intend to pay any crossing fees for this location because we are unaware of any federal, state, or local or regulation which contradicts or preempts the foregoing, or which otherwise requires payment to the railroad for a crossing in land already dedicated to public use. If you believe otherwise, our attorneys request that you provide support for that position, including appropriate citations to legal authority, with respect to this proposed installation. Please include all documentation which supports your claim of ownership of the public right of way in question. Please expedite your response, and understand that the WOW will not postpone or delay the planned installation of facilities within the public right of way as the result of the unsupported claims for fees asserted by the railroad.

Prior to our installation, we will contact the NIRC Railroad Track Superintendent (if a contact is provided by NIRC Railroad) to coordinate this installation. We will not require a flagman on this project due to our entire installation being located below ground and our bore pits being located outside the railroad corridor. If you believe a flagman is required, you may provide one

at your expense. We are unaware of any law or regulation which would require WOW to provide or pay for flagmen at this installation. If you believe such a requirement exists, please provide our office with any applicable law or regulation and our attorneys will review same and advise our client accordingly.

We would like to receive your review comments by December 5, 2014. Our proposed installation is estimated to begin within sixty (60) days. If you need to discuss this matter further, please contact me at the telephone numbers listed below. I will be happy to address any concerns you may have with this installation.

Thank you for your assistance in reviewing our recommended installation. I look forward to working with you on this and other projects as we provide consultant management services to our client.

Sincerely,

*David L. Thomas*

**David L. Thomas**
**Managing Member**
**Eagle 1 Resources, LLC**
**2572 Weston Street**                                    **Office**        334.209.0508
**Auburn, AL. 36832**                                    **Mobile**      334.546.8166

**E-mail**        dthomas@eagle1resources.com
**Web**           www.eagle1resources.com

cc:     Mr. Chris Naylor
        Construction Engineer
        Wide Open West
        1674 Frontenac Road
        Naperville, IL 60563

        Mr. Keith H. Pardonnet                    Certified Mail # 7013 0600 0000 3071 8491
        Attorney
        Metra Law Department
        547 West Jackson Boulevard
        Chicago, Illinois 60661-5717

        Mr. Gordon E. Gouveia                     Certified Mail # 7013 0600 0000 3071 8507
        Member
        Shaw Fishman Glantz & Towbin LLC
        321 N. Clark St. | Suite 800
        Chicago, IL 60654

## U.S. DOT - CROSSING INVENTORY INFORMATION
### AS OF 10/23/2014

Crossing No.: **372210R**   Update Reason: **Changed Crossing**   Effective Begin-Date of Record: **03/31/14**

Road: **NIRC  Northeast IL Regional Commuter Rail Corp. [NIRC]**   End-Date of Record:

Operating Agency **State**   Type and Position: **Public At Grade**

## Part I  Location and Classification of Crossing

| | | | |
|---|---|---|---|
| Division: | **MILWAUKEE** | State: | **IL** |
| Subdivision: | **ELGIN SUB** | County: | **COOK** |
| Branch or Line Name: | | City: | **Near BARTLETT** |
| Railroad Milepost: | **0031.87** | Street or Road Name: | **NAPERVILLE RD** |
| RailRoad I.D. No.: | | Highway Type & No.: | **CH44V** |
| Nearest RR Timetable Stn: | **BARTLETT** | HSR Corridor ID: | |
| Parent Railroad: | | County Map Ref. No.: | |
| Crossing Owner: | **Chicago Commuter Rail Service Board [CCRZ]** | Latitude: | **41.9973980** |
| ENS Sign Installed: | **Yes** | Longitude: | **-88.2053990** |
| Passenger Service: | **Other** | Lat/Long Source: | **Neither** |
| Avg Passenger Train Count: | **70** | Quiet Zone: | **24 hr** |
| Adjacent Crossing with Separate Number: | **No** | | |

### Private Crossing Information:

| | | | |
|---|---|---|---|
| Category: | | Public Access: | **Unknown** |
| Specify Signs: | | Specify Signals: | |

| | ST/RR A | ST/RR B | ST/RR C | ST/RR D |
|---|---|---|---|---|
| Railroad Use: | **35065** | | **31.87** | |
| State Use: | | | | **NOE 9/30/2009** |

Narrative:

Emergency Contact: **(800)349-4283**   Railroad Contact: **(312)322-6934**   State Contact: **(217)782-0378**

## Part II  Railroad Information

| | | | |
|---|---|---|---|
| Number of Daily Train Movements: | | Less Than One Movement Per Day: | **No** |
| Total Trains: | **58**   Total Switching: **0** | Day Thru: | **36** |
| Typical Speed Range Over Crossing: From | **40** to **70** mph | Maximum Time Table Speed: | **70** |
| Type and Number of Tracks:  Main: **2**  Other **0** | | Specify: | |

Does Another RR Operate a Separate Track at Crossing?   **No**

Does Another RR Operate Over Your Track at Crossing?   **Yes: CP  CN  ICE**

## U.S. DOT - CROSSING INVENTORY INFORMATION
### Continued

Crossing   *372210R*

Effective Begin-Date of Record:  *03/31/14*

End-Date of Record:

## Part III: Traffic Control Device Information

**Signs:**

| | | | | |
|---|---|---|---|---|
| Crossbucks: | *0* | Highway Stop Signs: | *0* | |
| Advanced Warning: | *Yes* | Hump Crossing Sign: | *No* | |
| Pavement Markings: | *Stop Lines and RR Xing Symbols* | Other Signs: | *2* | Specify: *2 Tracks* |
| | | | *0* | |

**Train Activated Devices:**

| | | | |
|---|---|---|---|
| Gates: | *2* | 4 Quad or Full Barrier: | *No* |
| Mast Mounted FL: | *2* | Total Number FL Pairs: | *4* |
| Cantilevered FL (Over): | *0* | Cantilevered FL (Not over): | *0* |
| Other Flashing Lights: | *0* | Specify Other Flashing Lights: | |
| Highway Traffic Signals: | *0* | Wigwags: *0* | Bells: *1* |
| Other Train Activated Warning Devices: | | Special Warning Devices Not Train Activated: | |
| Channelization: | *None* | Type of Train Detection: | *DC/AFO* |
| Track Equipped with Train Signals? | *Yes* | Traffic Light Interconnection/Preemption: | *Not Interconnected* |

## Part IV: Physical Characteristics

| | | | |
|---|---|---|---|
| Type of Development: | *Open Space* | Smallest Crossing Angle: | *60 to 90 Degrees* |
| Number of Traffic Lanes Crossing Railroad: | *2* | Are Truck Pullout Lanes Present? | *No* |
| Is Highway Paved? | *Yes* | | |
| Crossing Surface: | *Rubber* | If Other: | |
| Nearby Intersecting Highway? | *N/A* | Is it Signalized? | *No* |
| Does Track Run Down a Street? | *No* | Is Crossing Illuminated? | *No* |
| Is Commercial Power Available? | *Yes* | | |

## Part V: Highway Information

| | | | |
|---|---|---|---|
| Highway System: | *Non-Federal-aid* | Functional Classification of Road at Crossing: | *Urban Collector* |
| Is Crossing on State Highway System: | *No* | | |
| Annual Average Daily Traffic (AADT): | *005400* | AADT Year: | *2010* |
| Estimated Percent Trucks: | *04* | Avg. No of School Buses per Day: | *0* |
| Posted Highway Speed: | *40* | | |



## Application for Wireline Installation

(Attach Plan and Cross Section of Proposed Installation when returning this Application)

Date: 10/23/14    Company Name: Wide Open West

Company Address: 1674 Frontenac Rd., Naperville, IL

Contact Person/Title: Chris Naylor, Construction Engineer

Telephone: 630-930-8324    E-Mail: c_naylor10@wideopenwest.com

Metra District:
Milwaukee West
Milwaukee North
Rock Island
South West Service
Electric

Party with Whom Agreement will be with:
(Legal Name to Appear in Agreement)

Wide Open West Finance, LLC dba WOW! Business

Location of Proposed Installation: (Distance from nearest street or railroad mile post)

RR mile post 31.87

Purpose of Installation: (This must be detailed & complete; attach engineering plans & details to support)

New Fiber Optic Cable to service a cell tower.

Describe Construction Methods & Equipment to be utilized:

Method of Directional Bore will be used

Clearances:
Vertical Clearance: 15'

Horizontal Clearance: 55' and 65'

Size & Number of Wires, Cables, Conduits, etc.: (Must conform to NESC specifications)

1-4" HDPE with 48 count fiber

1

Wire Material Type: (Must conform to NESC specifications)

Voltage: [          ] Phase: [          Cycle:] [              ]

Length of Casing: [          ] Wall Thickness: [              ]

Method of Installation:

Directional Bore

If Aerial Crossing, Location of Poles: (Distance to Center Line of Main Track)

If Underground Crossing, Size & Type of Crossing:

Underground Directional Bore crossing 120'

Proposed Depth of Top of Casing Pipe:  (Minimum 5'6" below base of rail)

15'

Proposed Minimum Depth below Ground Surface in Full Length of Crossing: (3' Minimum to bottom of ditches)

5'

Angle crossing will make with Main Tracks

79 degrees

**Direct any questions concerning Metra's installation standards to:**

Mr. Timothy G. Pitzen, Roadway Engineer
Engineering Department
547 W. Jackson Boulevard
Chicago, IL 60661-5717
Office:   (312) 322-6924
E-Mail:  tpitzen@metrarr.com

**Submit Wireline Application to:**

Mr. Daniel A. Kneita, Right of Way Administrator
Real Estate & Contract Management
547 W. Jackson Boulevard
Chicago, IL 60661-5717
Office:   (312) 322-8016
E-Mail:  dkneita@metrarr.com

Client#: 157711      14WIDEOPENWE

**ACORD**™      **CERTIFICATE OF LIABILITY INSURANCE**      DATE (MM/DD/YYYY) 11/05/2014

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| J. Smith Lanier & Co.-Atlanta | PHONE (A/C, No, Ext): 770 476-1770 | | FAX (A/C, No): 770 476-3651 |
| 11330 Lakefield Drive | E-MAIL ADDRESS: | | |
| Bldg 1, Suite 100 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Duluth, GA 30097 | INSURER A : Phoenix Insurance Company | | 25623 |
| INSURED | INSURER B : Great American Insurance Compan | | 16691 |
| WideOpenWest Finance, LLC | INSURER C : Travelers Property Casualty Co. | | 25674 |
| dba WideOpenWest, LLC | INSURER D : | | |
| 7887 East Belleview, Suite 1000 | INSURER E : | | |
| Englewood, CO 80111 | INSURER F : | | |

**COVERAGES**    CERTIFICATE NUMBER:      REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY | | | HNGLSA4C83489313 | 11/15/2013 | 11/15/2014 | EACH OCCURRENCE | $1,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $300,000 |
| | CLAIMS-MADE X OCCUR | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | POLICY PRO-JECT LOC | | | | | | | $ |
| A | AUTOMOBILE LIABILITY | | | HJCAP158D501413 | 11/15/2013 | 11/15/2014 | COMBINED SINGLE LIMIT (Ea accident) | $2,000,000 |
| | X ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS   SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | X HIRED AUTOS X NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | X UMBRELLA LIAB X OCCUR | | | TUU064573100 | 11/15/2013 | 11/15/2014 | EACH OCCURRENCE | $10,000,000 |
| | EXCESS LIAB CLAIMS-MADE | | | | | | AGGREGATE | $10,000,000 |
| | DED X RETENTION $10,000 | | | | | | | $ |
| C | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N | | | HC2JUB158D499413 | 11/15/2013 | 11/15/2014 | X WC STATU-TORY LIMITS   OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Northeast IL Regional Commuter Rail Corp. 547 W. Jackson Boulevard Chicago, IL 60661-5717 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE *[signature]* |

ACORD 25 (2010/05)    1 of 1    The ACORD name and logo are registered marks of ACORD
#S2424115/M2083447      LXA

© 1988-2010 ACORD CORPORATION. All rights reserved.

**Dan Kneita**

**From:** Dan Kneita
**Sent:** Wednesday, August 20, 2014 9:05 AM
**To:** 'Gordon Gouveia'
**Subject:** RE: 14-112/Wide Open West/Proposed Fiber Optic Occupation/IL Rte. 53-Rohlwing Rd./Itasca/MW

Thanks Gordon!

---

**From:** Gordon Gouveia [mailto:ggouveia@shawfishman.com]
**Sent:** Wednesday, August 20, 2014 9:02 AM
**To:** Dan Kneita; David L. Thomas (dthomas@eagle1resources.com)
**Cc:** Alvin T. Terry; Anthony Ognibene; Marilyn Schlismann
**Subject:** RE: 14-112/Wide Open West/Proposed Fiber Optic Occupation/IL Rte. 53-Rohlwing Rd./Itasca/MW

Mr. Thomas,

Please let me know your availability for a call to discuss this matter.

Best regards,
Gordon Gouveia

Gordon E. Gouveia
Member
**Shaw Fishman Glantz & Towbin LLC**
321 N. Clark St. | Suite 800 | Chicago, IL 60654
Office - 312.980.3816 | Fax - 312.980.3888
ggouveia@shawfishman.com | www.shawfishman.com
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Shaw Fishman Glantz & Towbin LLC. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

---

**From:** Dan Kneita [mailto:DKneita@METRARR.COM]
**Sent:** Tuesday, August 19, 2014 11:05 AM
**To:** David L. Thomas (dthomas@eagle1resources.com)
**Cc:** Gordon Gouveia; Alvin T. Terry; Anthony Ognibene; Marilyn Schlismann
**Subject:** 14-112/Wide Open West/Proposed Fiber Optic Occupation/IL Rte. 53-Rohlwing Rd./Itasca/MW

Mr. Thomas,

Regarding your recent request for a fiber optic cable installation (see attachment) on Metra's Milwaukee West line, Metra is under contractual obligation to allow for a third party fee negotiation for any F/O occupations. You will need to contact Mr. Gordon E. Gouveia of Shaw Fishman Glantz & Towbin, LLC, representing the CMC Trust, for any F/O Negotiations, Gordon can be reached at 312 980 3816. Once you are able to agree on a one-time fee for the proposed 48 count, fiber optic cable occupation, I will at that time process an Easement Agreement as well as the subsequent ROE Agreement for your contractor to install the fiber optic facility. Please let me know if you have any questions regarding this matter.

Thanks,

1

**Exhibit 6**

**Metra**℠

*The way to really fly*

547 W Jackson Blvd. Chicago, Illinois 60661    (312) 322-6900    TTY#1-312-322-6774

September 5, 2014

⑦

Mr. David L. Thomas
Managing Member
Eagle 1 Resources, LLC
2572 Weston Street
Auburn, Alabama 36832

re: Proposed Fiber Optic Line Installation Crossing Metra's Milwaukee District West Line ROW

Dear Mr. Thomas,

Your letter of August 13th has been referred to me. You make many good points regarding utility crossings of railroad right of ways generally and you are probably right on point for similar situations in Indiana, however, the Illinois Legislature and Courts have taken a decidedly differing view. Where Indiana has its Joint Use Statute, Illinois, despite some recent attempts at similar legislation, does not. Also, Illinois Courts have yet to require Metra to modify its practices regarding crossings.

The problem with your company's apparent cavalier attitude, basically hinting that your client is just going to perform the work whether Metra approves of it or not, is unacceptable. Such action has the real likelihood to impact one or both of two fundamental principles that are paramount to Metra, safety and reliability. The Milwaukee District West Line ("MD-W") is among Metra's busiest having in excess of fifty scheduled weekday commuter trains and a large number of freight trains owing to agreements with four different carriers for the use of Metra's MD-W tracks.

Given the inherent danger of working in close proximity to active tracks not only to those performing the work but, to the passengers that Metra carries, the trains themselves, and the stability and consistency of the road, combined with a network of signal and communication equipment, an interruption of which could shut down the entire line, along with existing easements for water, gas, electrical, and communications equipment, Metra must be very serious about not allowing trespassing on its right of way, particularly those trespassers punching holes under Metra's roadbed.

Metra owns the property in question as successor in interest to the Chicago Milwaukee & St. Paul Railway Company and will not tolerate trespassing or any unauthorized use. Please continue to work with Metra's Real Estate Department to acquire an easement to allow for your client's company's occupation.

Sincerely,

Keith Pardonnet
Attorney

**Exhibit 7**

Donald Whistler

| | |
|---|---|
| **n:** | David L Thomas <dthomas@eagle1resources.com> |
| **Sent:** | Friday, October 10, 2014 4:17 PM |
| **To:** | Keith H. Pardonnet |
| **Cc:** | Anthony Ognibene; Alvin T. Terry; Edward Leonard; 'Gordon Gouveia'; 'Bill Schenk'; Donald Whistler; Tim Pitzen; Christine Dziennik |
| **Subject:** | RE: Metra MD-W Proposed Fiber Optic Xing |

(14)

Mr. Pardonnet,

Thank you for your email. We will be in touch.

I hope you have a good weekend.

## *Dave*

## David L. Thomas
**Managing Member**
## Eagle 1 Resources, LLC
**2572 Weston Street**
**Auburn, AL. 36832**

**Office   334.209.0508**
**Mobile   334.546.8166**

⌐ mail      dthomas@eagle1resources.com
   ‿b        www.eagle1resources.com

## Do not go where the path may lead, Go instead where there is no path and leave a trail.   Ralph Waldo Emerson

(13)

**From:** Keith H. Pardonnet [mailto:kpardonnet@metrarr.com]
**Sent:** Friday, October 10, 2014 11:06 AM
**To:** David L Thomas
**Cc:** Anthony Ognibene; Alvin T. Terry; Edward Leonard; 'Gordon Gouveia'; 'Bill Schenk'; Donald Whistler; Tim Pitzen; Christine Dziennik
**Subject:** RE: Metra MD-W Proposed Fiber Optic Xing

Mr. Thomas,
Metra's position has not changed.

*Keith H. Pardonnet*
Attorney
Metra Law Department
547 West Jackson Boulevard
Chicago, Illinois 60661-5717
Phone: (312) 322-6779
⌐ ‖: (630) 373-1365
   ‿: (312) 322-6698
⸝pardonnet@metrarr.com

## Exhibit 8



## CONTRACTOR SAFETY NOTES

Contractors to a railroad are governed by the provision of a Federal Regulation identified in the code of Federal Regulations Title 49 Part 214 (Roadway Worker Safety and Railroad workplace Safety Standards).

### SAFETY INSTRUCTIONS

Safety of Roadway Workers (including contractors) is of paramount importance in the performance of work being performed for the railroad. No work will be performed when there is the potential of fouling a track (i.e. when an individual or equipment is within four (4) feet of a track or could be struck by a moving train or equipment) until the following items have been completed:

1. A qualified railroad flagman (employee in charge) is present to provide necessary protection or authority.

2. Work (defined as inspection, testing, construction maintenance, or repair to a railroad facility) will begin only after the railroad's employee in charge has conducted a mandatory job briefing consisting of the following:

- Name of flagman (employee in charge)
- Name of lookout (if applicable)
- Type of track authority (explain)
- Track limits
- Time limits
- Protection if any, on adjacent tracks
- Methods of notification for the approach of trains
- Location to clear for trains
- Procedures to arrange for on-track safety on other tracks, if necessary
- Required personal protective equipment

Failure to comply with the provision established for clearing trains will result in the contractors employee(s) being banned from railroad property and/or subject to personal fines as levied by the Federal Railroad Administration.

Follow-up job briefing will be conducted when:

The working conditions or procedures change
Other workers enter the working limits or;
Track authority is changed, extended, or about to be released.

If any of the above situations occur, work will cease until the follow-up job briefing is conducted.

3. Contractors have the following responsibilities:

Work wear approved by Metra including:

- Highly visible orange vest
- Steel toed safety shoes
- A.N.S.I. approved hard hat (289.1 standards)
- A.N.S.I. meets or exceeds 287.1 eyewear standards
- Hearing protection (when required)
- Respirator protection (when required)
- Fall protection (when required) as specified in FRA Regulations 49 CFR, Part 214- Railroad Workplace Safety Standards.

4. Heavy equipment shall be equipped with audible back up warning devices.

5. Contractors will keep the job site free from safety and health hazards.

6. Contractors will post MSDS sheets in the construction trailer.

**Contractors will post these instructions in a conspicuous place in the construction trailer.**

## GENERAL NOTES

None of the contractor's men or equipment may work upon Metra's property without a qualified railroad flagman (employee in charge) present. Contractor may work only when authorized to do so by the flagman (employee in charge).

Metra has a very limited number of flagmen. If Metra can not furnish a flagman for a particular date, contractor will not be allowed to work on Metra's property.

Copy of this drawing must be kept on the job site during all phases of construction.

Contractor must contact Milwaukee District Director of Engineering at (312) 322-4101 at least 72 hours prior to work start up to arrange for flagging protection etc.

Grantee must have railroad engineering department representative inspect work to determine if slow order protection is required and how long slow order will be in effect.

Metra Signal and Communications Departments must locate any buried cables and/or equipment before digging may begin on railroad property, and must provide protection for any such facilities during the actual construction.
Note: J.U.L.I.E. and D.I.G.G.E.R. do not locate Metra / Railroad Utilities or Facilities.

Extreme care must be exercised when working under or in proximity of Metra's signal and communication pole lines and wires. Poles must be specially braced if necessary.

The pipeline shall be bored and jacked into place. When jacking operation is stopped, proper, sufficient bulk heads must be placed to preclude any danger of cave-ins. If necessary, due to soil and water conditions encountered, jacking operation must be continuous to ensure safety of railroad tracks.

Any project requiring jacking pits, excavations and/or shoring must have the pit designs, shoring details and locations approved by Metra's Construction Department prior to the beginning of construction on railroad property.

All existing drainage and associated structures must be preserved or accommodated by the scope of this project's work.

No drainage condition shall be created or allowed to exist that is, or may be, adverse to Metra.

Space between carrier and casing pipes shall be blown full of dry sand and ends of casing pipe sealed.

Grantee is responsible for a one year extraordinary track maintenance period. This is to cover reimbursable railroad costs expended for future track surfacing and alignment that may become necessary as a result of settlement of track.

Underground installation(s) shall be prominently marked where they enter and leave the railroad right of way.

Minimum wall thicknesses shown are for pipes and conduits with protective coating and cathodic protection. Without this protection, wall thickness must be increased by 0.063 inches.



EXHIBIT "A"

Page 2 of 2

## Exhibit 9

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY d/b/a METRA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.: |
| WIDE OPEN WEST ILLINOIS, LLC, and EAGLE 1 RESOURCES, LLC, | ) ) ) | CALENDAR |
| Defendants. | ) | |

### <u>AFFIDAVIT OF LARRY POWELL</u>

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I Larry Powell, hereby certify that the statements set forth herein are true and correct to the best of my knowledge, information, and belief.

1.      My name is Larry Powell. I am an adult individual over the age of 18 years and am competent to make this affidavit. Unless stated otherwise herein, the facts set forth are from my own personal knowledge or from my review of business records kept in the ordinary course of business by METRA.

2.      I am currently employed as the Senior Director of Engineering, Maintenance for METRA. I have held this position for approximately three years. For the five (5) years prior to obtaining my current position, I served as the Director of Engineering for Metra's Milwaukee District.

3.      METRA is one of the largest passenger commuter railroad companies in the United States. METRA provides common carrier passenger rail transportation services across a network consisting of approximately 500 track miles, linking communities in the six counties of the Northeast Illinois Region.

**Exhibit 10**

4.      As the Senior Director of Engineering for METRA, I am primarily responsible for all track, signals, bridges, buildings, and vehicle maintenance.

5.      METRA maintains the Milwaukee District West Line that runs from Chicago to Big Timber Road in Elgin, Illinois. The property subject to this litigation is located along the Milwaukee District West Line in Bartlett, Cook County, Illinois.

6.      I am aware of Defendants' proposed underground installation of fiber optic utility cables under the Rail Line at Naperville Road in Bartlett, Cook County, Illinois without a Right of Entry Agreement, engineering approvals, and without coordination from METRA to ensure that flagmen and/or inspectors are on-site during the construction under the Rail Line.

7.      Boring under the tracks causes a significant risk to damaging the METRA signal system that could cause commuter service delays along the entire Milwaukee District. The proposed work could cause the warning and track gate systems to malfunction causing traffic delays and potential risks for vehicle and train collisions. Without flagmen in the area, there exists great risk of bodily harm to Metra employees, the Defendants' employees and contractors, and members of the public. If a Metra train was caused to engage its emergency braking system, the train risks a possible derailment.

8.      The engineering department must review applications for the proposed utility installation work in order to ensure that the project does not compromise the safety of the track. Metra also requires permitting so that future Metra digging and maintenance along the Rail Line can be performed safely without damaging existing utilities in the area.

**Remainder of Page Intentionally Left Blank**

FURTHER AFFIANT SAYETH NAUGHT

_____
Larry Powell

_____
Date    4/3/15

Sworn to and subscribed before me
on this 3rd day of April, 2015

_____
Notary Public

_Therera Morris Geels._
Print Name

The said Larry Powell is personally known to me.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

No. _____

Commuter Rail Division of the Regional Transportation Authority d/b/a Metra
_____
(Name all parties)

v.

Wide Open West Illinois, LLC, and Eagle 1 Resources, LLC
_____

```
2015CH05618
CALENDAR/ROOM 10
TIME 00:00
Injunction
```

### ◉ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⊗ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ◯ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ Child Support<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 17341

Name: Stephen G. Goins / Stacey M. Atkins

Atty. for: Metra

Address: 547 W. Jackson Boulevard

City/State/Zip: Chicago, IL 60661

Telephone: (312) 322-7073 / (312) 322-7773

WITNESS, DOROTHY BROWN. APR 0 3 2015

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

COMMUTER RAIL DIVISION OF THE   )
REGIONAL TRANSPORTATION   )
AUTHORITY d/b/a METRA,   )
  )
        Plaintiff,   )
  )
     v.   )    NO.: 15 cH 5618
  )
WIDE OPEN WEST ILLINOIS, LLC,   )    CALENDAR
and EAGLE 1 RESOURCES, LLC,   )
  )
        Defendants.   )

**FILED**
**CH.**
**APR 03 2015**
**DOROTHY BROWN**
**CLERK OF THE CIRCUIT COURT**
**OF COOK COUNTY, IL**

## METRA'S MOTION FOR A TEMPORARY RESTRAINING ORDER

**NOW COMES** Plaintiff, Commuter Rail Division of the Regional Transportation Authority d/b/a Metra, by and through its attorneys, Stacey McGlynn Atkins, pursuant to 735 ILCS 5/11-101, submit this Emergency Motion for a Temporary Restraining Order ("Emergency Motion") and respectfully requests that this Honorable Court enter a temporary restraining order preventing Wide Open West Illinois, LLC ("WOW") and Eagle 1 Resources, LLC ("Eagle 1") (collectively "Defendants") from unlawfully trespassing upon and recklessly interfering with Metra's railroad property and operations in Bartlett, Cook County, Illinois (the "Railroad Property") until this Court rules on the merits of Plaintiff's Verified Complaint for Injunctive Relief, and in support thereof, states:

1.      Plaintiff incorporates by reference and relies upon its Verified Complaint and on the arguments and affidavits contained in the accompanying Memorandum in Support of its Motion and the Affidavit of Larry Powell, Senior Director of Engineering, Maintenance, and of Donald

Whistler, Right of Way Administrator. A copy of Mr. Powell's Affidavit and Mr. Whistler's Affidavit are attached hereto as Exhibits A and B. A true and correct copy of the Verified Complaint and Memorandum in Support of the instant Motion were previously filed on April 3, 2015, and courtesy copies were provided to this Court.

2.      On August 13, 2014, Defendants notified Metra via written correspondence that it intends to install a Fiber Optics wire line under the Milwaukee West District tracks at a certain railroad grade crossing located at North Rohlwing Road /IL Hwy 53 in Itasca, Dupage County, Illinois without complying with the Metra process for a right of entry and/or an easement.

3.      On September 5, 2014, Plaintiff responded to Defendants by written correspondence advising Defendants that it did not consent to Defendant's proposed project under the Milwaukee West District right-of-way, and any attempt at the proposed installation of fiber optics wire would be viewed as an unauthorized and unlawful trespass.

4.      Metra again re-iterated its position against the Defendants' installation of the fiber optic wire in email correspondence on October 1, 2014 and October 10, 2014. Since the final correspondence from Metra on October 10, 2014, the Defendants have sent four (4) additional boilerplate letters outlining their proposed plans to conduct similar projects at four (4) additional at grade Milwaukee West railroad crossings, one of which is located at Naperville Road / CH 44V, Bartlett, Cook Count, Illinois.

5.      On April 2, 2015, Mr. Whistler had a telephone conversation with Mr. Chris Naylor, Construction Engineer for Defendant, WOW, wherein Mr. Naylor related that Defendants intend to proceed with the installation of fiber optic wire at the Naperville Road / CH 44V, Bartlett, Cook County, Illinois railroad crossing on Monday April 6, 2015.

6.      Based on the information from Mr. Naylor, Metra believes that Defendants intend to bore under the Milwaukee West District tracks to place its fiber optic cable within property owned

in fee simple by Metra ("Railroad Property"). The Naperville Road / CH 44V crossing, and the numerous other rail crossings along the Cook County Milwaukee District are the subject of Metra's Verified Complaint for Preliminary and Permanent Injunctive Relief and Metra's Motion for Temporary Restraining Order to be heard by this Court on April 3, 2015.

7.     Boring under this active railroad line poses a serious threat to railroad operations and personal and public safety. Any disruption to or interference with the Metra rail lines would negatively impact Metra's ability to provide safe and efficient rail service to Metra's passenger rail customers, thereby causing Metra substantial economic and operational harm.

**WHEREFORE,** for the reasons set forth above, Metra respectfully requests that this Honorable Court grant its motion and issue a temporary restraining order prohibiting Defendants from entering the Railroad Property or from undertaking any installation activities on Metra's real property without Metra's prior, express authorization and consent.

Respectfully submitted,

Stacey McGlynn Atkins, Associate General Counsel for Metra

Stacey McGlynn Atkins
Metra Law Department – Firm No. 17341
547 W. Jackson Blvd., 15th Flr.
Chicago, Illinois 60661
312.322.7773 – direct
312.322.6998

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY d/b/a METRA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | NO.: 15 C H 5 6 18 |
| WIDE OPEN WEST ILLINOIS, LLC, and EAGLE 1 RESOURCES, LLC, | ) ) ) | CALENDAR |
| Defendants. | ) ) | |

FILED
CH.
APR 03 2015
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## METRA'S MEMORANDUM IN SUPPORT OF ITS MOTION
## FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Metra, by and through one of its attorneys, Stacey McGlynn Atkins, and pursuant to 735 ILCS 5/11-101, submit this Memorandum in support of its Motion for Temporary Restraining Order ("Motion") and respectfully request that this Honorable Court enter a temporary restraining order preventing Wide Open West Illinois, LLC ("WOW") and Eagle 1 Resources, LLC ("Eagle 1") (collectively, "Defendants") from unlawfully trespassing upon and recklessly interfering with the real property and active railroad operations in Bartlett, County of Cook, Illinois ("Railroad Property") and all of Cook County Illinois until this Honorable Court rules on the merits of Metra's Motion for Preliminary Injunctive Relief.

### Introduction

Metra currently owns and operates a railroad line known as the Milwaukee District West line in Cook County Illinois, and uses the line as an active rail corridor through which Metra's trains operate daily commuter passenger rail service. Metra places paramount importance on the safety and integrity of its federally-regulated railroad operations. To safeguard and protect Metra's rail

operations, employees, and the public, Metra has reasonable policies regarding licensing and permits for outside parties seeking to install utilities on, under, or over Metra's property or railroad right of way, including the Milwaukee District West.

In disregard of Metra's permitting and safety requirements, Defendants have unequivocally evidenced an intention to imminently trespass upon Metra's Railroad Property to bore beneath the active railroad right-of-way to install a subterranean fiber optic cable. Defendants intend to proceed without Metra's authorization, without flagging personnel to communicate with Metra's locomotive engineers operating in the area, and without necessary insurance coverage in place for working near the right-of-way. Defendants' conduct shows a brazen disregard for Metra's fee-simple property rights, and causes significant public safety and railroad operational concerns. Defendants' threats to proceed with its project without Metra's consent and coordination to ensure the safety of the project activities jeopardizes Metra's ability to fulfill its obligations to the public as a common carrier. Therefore, Metra respectfully asks this Court to enter a temporary restraining order preventing Defendants from undertaking the threatened trespasses or otherwise interfering with Metra's vital operations on the Railroad Property until such time as this Court can rule on the Merits of Plaintiff's preliminary injunction motion.

## Facts

### I.  Metra Owns the Railroad Property

METRA is an Illinois municipal corporation established through legislation enacted by the Illinois General Assembly in November 1983, which amended the Regional Transportation Authority Act. METRA has its principal place of business located at 547 West Jackson Boulevard, Chicago, Cook County, Illinois 60661.

Through several deeds executed in the late 1800s, Metra's predecessor railroads acquired fee simple title to the Railroad Property. Metra is the fee simple owner of the Railroad property, and has exclusive control of the air above and the ground below the surface of the Railroad Property.

II.     **Metra's Policy and Permitting Requirements for the Installation of Utilities on its Real Property**

In order to protect the integrity of Metra's railroad operations, and to protect the safety of Metra's employees and the people it serves, Metra has developed policies and procedures for an outside party to install utilities on the Railroad Property. Pursuant to this policy, any party seeking to install utilities on Metra's property must submit an application to Metra for engineering review and approval, including proof of insurance to confirm that any accidents or damage while working in or around the Railroad Property is adequately covered. Each project is analyzed to determine whether a flagman and or other safety precautions are required during the installation activity to protect Metra's trains, property, and employees. Metra categorically and expressly forbids work activities on its property without prior written approval and consent of Metra. A failure to follow Metra's standards and requirements deprives Metra of exclusive use over its property, and also poses a significant danger to Metra rail operations, its employees, the safety of the traveling public, and the Defendants own employees, agents, contractors, etc.

III.    **Defendant's Intent to Unlawfully Trespass upon Metra Property and Install Fiber Optic Cables within the Railroad Property.**

On August 13, 2014, Defendants notified Metra via written correspondence that it intends to install a fiber optics wire line under the Milwaukee West District tracks at a certain railroad grade crossing located at North Rohlwing Road /IL Hwy 53 in Itasca, Dupage County, Illinois without complying with the Metra process for a right of entry and/or an easement. On September 5, 2014, Metra responded to Defendants by written correspondence advising Defendants that it did not consent to Defendant's proposed project under the Milwaukee West District right-of-way, and any

attempt at the proposed installation of fiber optics wire would be viewed as an unauthorized and unlawful trespass. Metra again re-iterated its position against the Defendants' installation of the fiber optic wire in email correspondence on October 1, 2014 and October 10, 2014. Since the final correspondence from Metra on October 10, 2014, the Defendants have sent four (4) additional boilerplate letters outlining their proposed plans to conduct similar projects at four (4) additional at grade Milwaukee West railroad crossings, one of which is located at Naperville Road / CH 44V, Bartlett, Cook Count, Illinois.

On April 2, 2015, Mr. Whistler had a telephone conversation with Mr. Chris Naylor, Construction Engineer for Defendant, WOW, wherein Mr. Naylor related that Defendants intend to proceed with the installation of fiber optic wire at the Naperville Road / CH 44V, Bartlett, Cook County, Illinois railroad crossing on Monday April 6, 2015.

## <u>Argument</u>

### I.    The Legal Standard for Entry of a Temporary Restraining Order

The purpose of a temporary restraining order ("TRO") is to "maintain the status quo" pending the Courts ability to resolve the matter on the merits. See *Delgado v. Bd. of Election Comm'rs of City of Chicago*, 224 Ill. 2d 481, 483 (2007). A TRO is justified when necessary to "preven[t] a threatened wrong" and "irreparable injury." *Grillo v. Sidney Wanzer & Sons, Inc.*, 26 Ill. App. 3d 1007, 1011 (1st Dist. 1975); *Gold v. Ziff Commc'ns Co.*, 196 Ill. App. 3d 425, 431 (1st Dist. 1989). In this case a TRO is required to preserve the status quo and prevent Defendants' threatened trespass onto Metra's property to install a fiber optic cable without Metra's prior authorization and without Metra personnel present to ensure the safety of the installation activities.

In Illinois, "[t]he decision to grant or deny injunctive relief rests within the discretion of the circuit court." *In re Joerger*, 221 Ill.App.3d 400, 405 (4th Dist. 1991). Illinois law authorizes this Court to issue a TRO if Metra demonstrates that (1) it has a protected right; (2) that it will suffer

irreparable harm if injunctive relief is not granted; (3) its remedy at law is inadequate; and (4) there is a likelihood of success on the merits. See, *e.g., County of DuPage v. Gavrilos*, 359 Ill.App.3d 629, 634 (2d Dist. 2005).

## II. Metra Has Satisfied the Standard for Entry of a TRO in this Case.
### A. Metra Has a Protectable Ownership Interest in the Railroad Property.

To establish a protectable right, "the party seeking [injunctive] relief is not required to make out its entire case that would entitle it to relief on the merits; rather it need show only that it raises a 'fair question' about the existence of its right." *Gavrilos*, 359 Ill. App. 3d at 634 (citing *Buzz Barton & Assocs. v. Giannone*, 108 Ill.2d 373, 383 (1985)); *see also In re Joerger*, 221 Ill. App. 3d at 406 ("[P]etitioner must only establish 'a fair question' about whether his right deserves protection."); *Senstrom Petroleum Servs. Grp., Inc. v. Mesch*, 375 Ill. App 3d 1077, 1089 (2d Dist 2007) ("[A] Plaintiff need only raise a fair question as to the existence of the right which it claims and lead the court to believe that it will probably be entitled to the relief requested if the proof sustains [its] allegations.").

Through several deeds executed in the late 1800s, Metra's predecessor railroads acquired fee simple title to the Railroad Property. Currently, the Railroad Property is owned by Metra in fee simple. Metra is the rightful, legal, and exclusive owners of the Railroad Property. As such, Metra has a protectable ownership interest in the Railroad Property and a clearly ascertainable right to exclude Defendants from its right-of-way. Defendants' only purported justification for their actions is the existence of a public right-of-way.

## B. Metra Will Suffer Irreparable Harm Absent Injunctive Relief.

"The threat of irreparable injury is related to proof of a protectable interest, and once such an interest is established, there is a presumption that injury to the party seeking the injunction will follow if the interest is not protected." *Mohanty v. St. John Heart Clinic, S.C.*, 358 Ill.App.3d 902, 906 (1st Dist. 2005); *see also Morrison Metalweld Process Corp. v. Valent*, 97 Ill. App. 3d 373, 380 (1st Dist. 1981).

By proceeding with an unauthorized and unsupervised installation under Metra's active railroad tracks in this vital rail corridor, Defendants will create a substantial risk of irreparable harm. First, a disruption to Metra's commuter rail operations during the unauthorized and unsupervised installation threatens to create a ripple effect of delays across Metra's Milwaukee District West rail line. Courts routinely find that disruption of a railroad's operations cause irreparable harm. See, *e.g.*, *Ill. Cent. R.R. Co. v. Bhd. of Maint. of Way Employees*, 14 C 3989, 2015 WL 518677, at *6 (N.D. Ill. Feb. 5, 2015) (finding that "[e]ven a temporary shutdown" of a railroad would have "dire consequences" and harm "countless communities, businesses, and utilities that rely heavily on rail traffic," and that "any disruption in service would result in permanent and irreparable loss of goodwill and the future business"); *Bhd. of Maint. of Way Employees v. Burlington N. & Santa Fe Ry. Co.*, No. 03 C 6247, 2003 WL 22844242, at *5 (N.D. Ill. Nov. 26, 2003) ("*Burlington*") (finding irreparable injury based on "major disruptions in both the transportations of goods ... and the disruption of at least part of the public transportation system," as well as "safety issues"); *Burlington N. R.R. Co. v. Bhd. of Maint. of Way Employees*, 791 F.Supp. 744, 747 (N.D. Ill. 1992); *see also Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1014 (N.D. Ill. 2014) ("[L]oss of goodwill, damage to reputation, and loss of business opportunities are valid grounds for finding irreparable harm" (internal quotation marks omitted)); *United Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l*, No. 08 CV 4317, 2008 WL 4936847, at *45 (N.D. Ill. Nov. 17, 2008) (finding that evidence of flight delays and cancellations that would harm an airline's goodwill and reputation would satisfy the irreparable injury requirement); *SMC Corp., Ltd. v. Lockjaw, LLC*, 481 F.Supp. 2d 918, 927-28 (N.D. Ill. 2007) ("[I]t is virtually impossible to ascertain the precise economic consequence of intangible harms, such as damage to reputation and loss of goodwill." (internal quotation marks omitted)).

Additionally, Defendants' refusal to have a Metra flagman or other personnel on hand to monitor rail traffic and ensure timely communication throughout the rail network, even the slightest

mishap during installation could result in catastrophe. Metra trains routinely run approaching 70 miles per hour through this area, and Defendants' unlawful activities not only pose severe disruptions to Metra's rail operations, but also pose grave public safety risks. These threats to public safety constitute irreparable harm. See, e.g., *Burlington, 2003 WL 22844242*, at *5 (finding that safety issues creating a risk of railroad disruptions and possibly derailment constituted irreparable harm). Any accident during the unauthorized and unsupervised installation on the Railroad Property would be catastrophic and place human lives at risk. Given these significant and grave risks, this Court should issue a temporary restraining order.

## C. Remedies at Law Are Inadequate and Difficult to Determine

Absent a TRO, Defendants will interfere with Metra's property rights by proceeding with installation activities without regard for proper safety requirements and without Metra supervision. The potential cessation of Metra's rail operations would result in immediate and irreparable injury to Metra in the form of economic losses and the loss of goodwill not compensable in monetary damages. See, e.g., *Scholle*, 35 F.Supp.3d at 1014; *SMC Corp.*, 481 F.Supp.2d at 927-28. Further, the risk to human life and public welfare, the severity of which is difficult to ascertain and nearly impossible to remedy at law. See, *Burlington*, 2003 WL 22844242, at *5.

Defendants attempt to justify their unlawful trespass by asserting that the proposed installation of fiber optic wire is within a public road right of way, thereby giving them the authority to install the wire pursuant to state statutes. This is incorrect. Metra owns and controls the Railroad Property, and the Defendants' proposed installation is within the boundaries of the Railroad Property.

Defendants cite to an inapplicable Illinois Statute, the Crossing of Railroad Right of Way Act, 220 ILCS 70/1 *et seq* ("CRRA"), as a lawful basis for installing its utility beneath the Railroad Property. However, the CCRA only applies to land management companies, and not registered rail carriers. See 220 ILCS 70/5; see also 625 ILCS 5/18c-1104(30) (defining *rail carrier* as any "person

engaged in the transportation of property or passengers for hire by railroad, together with employees or agents of such person or entity, and all property used, controlled, or owned by such person or entity."). Defendants cannot in good faith argue that Metra is not a rail carrier. Therefore, Defendants have no justification for their anticipated illegal trespass onto the Railroad Property, and Metra has established a near certainty of success on the merits of its claim.

**WHEREFORE,** for the reasons set forth above, Metra respectfully requests that this Honorable Court grant its motion and issue a temporary restraining order prohibiting Defendants from entering the Railroad Property or from undertaking any installation activities on Metra's real property without Metra's prior, express authorization and consent.

Respectfully submitted,

Stacey McGlynn Atkins, Associate General Counsel for Metra

Stacey McGlynn Atkins
Metra Law Department – Firm No. 17341
547 W. Jackson Blvd., 15th Flr.
Chicago, Illinois 60661
312.322.7773 – direct
312.322.6998

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

COMMUTER RAIL DIVISION OF THE )
REGIONAL TRANSPORTATION )
AUTHORITY d/b/a METRA, )
                     )
         Plaintiff, )
                     )     NO.: 15CH5618
     v. )
                     )     CALENDAR
WIDE OPEN WEST ILLINOIS, LLC, )
and EAGLE 1 RESOURCES, LLC, )
                     )
         Defendants. )

## Temporary Restraining Order

This cause coming to be heard on Plaintiff's Motion for Temporary Restraining Order, without notice having been given, the Court having considered Plaintiff's Verified Complaint, Plaintiff's Motion for Temporary Restraining Order, Affidavits and Memorandum of Law in support thereof; and the Court having considered the arguments of counsel, finds as follows:

     A. Plaintiff has shown that it has clearly ascertainable rights in need of protection;
     B. Plaintiff has shown that there is a fair question that Plaintiff will succeed on the merits;
     C. Plaintiff has shown that it will suffer irreparable harm if an injunction does not issue; and
     D. Plaintiff has shown that it has no adequate remedy at law or in equity.

Wherefore, IT IS ORDERED as follows:

1. Defendants are temporarily restrained from entering upon or otherwise interfering with Plaintiff's Railroad Property and related railroad operations located at the railroad crossing at Naperville Road / CH 44V, Bartlett, in Cook County, Illinois.

2. This Temporary Restraining Order shall remain in full force and effect unless otherwise modified or dissolved until _April 13_____, 2015. at 2:20 pm.

3. This Temporary Restraining Order is entered at __2:20__ AM / PM on
__April 3,__ , 2015. Plaintiff is to provide notice of this Order. All parties are to appear for
case management on __April 13, 2015__, in courtroom __2302__ at __10:30__ AM / PM.

Dated: __4-3 -15__

Judge

2043

ENTERED
JUDGE THOMAS R. ALLEN-2043

APR 03 2015

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Stephen G. Goins
Metra Law Department
547 W. Jackson Blvd
Chicago, IL 60661