**EXHIBIT 2**



A NEW KIND OF LAW FIRM

November 5, 2025

**VIA EMAIL AND OVERNIGHT MAIL**

Keith Pardonnet
Email: khpardonnet@metrarr.com
Metra
547 W. Jackson Boulevard
Chicago, IL 60661

**RE:    Response to October 28, 2025 Correspondence**

Dear Mr. Pardonnet,

On behalf of my client, Eagle 1 Resources, LCC ("Eagle 1"), I am writing in response to your correspondence of October 28, 2025 regarding contemplated crossings by Eagle 1 clients. My client endeavors to maintain a cordial and respectful relationship with Metra and takes safety concerns very seriously.

That said, your letters contain a number of false and misleading statements that do require an immediate response from Eagle 1. First and foremost, Eagle 1 is not a utility and not conduct fiber installations along or near Metro's facilities. To be clear, Eagle 1 is a simply a third-party consultant and does not undertake any installations on behalf of its clients.

Further, contrary to your assertions, Eagle 1 does not encourage its clients to engage in unlawful and/or unsafe conduct. Eagle 1 respectfully disagrees with your interpretation of 65 ILCS 5/11-42.11.1(f) and your citation of a 2015 grant of a temporary restraining order ("TRO") does not support the contentions raised in your letter.

The proceeding culminating in a TRO occurred in 2015 – two years prior to the enactment of the current version of 65 ILCS 5/11-42.11.1(f). Indeed, that proceeding involved an entirely different statutory provision – 220 ILCS 70/1 *et seq*. Further, the court in that proceeding did not affirmatively decide the issue of the applicability of 220 ILCS 70/1 *et seq*. to Metra. It simply applied the applicable standard of review and granted the TRO accordingly. As such, that proceeding has zero precedential value when it comes to the applicability of 65 ILCS 5/11-42.11.1(f) to Metra.

Moreover, the position taken by Metra in that proceeding, contradicts what appears to be the latest in a string of oscillating legal theories from Metra. Specifically, in requesting a TRO in 2015, Metra argued that it was a rail carrier, and the court agreed. This is also consistent with how Metra describes itself on its website, wherein it concedes it is a "rail system serving the six-county Chicago area." Even Metra's email domain identifies it as a railroad. Now, it appears that Metra is claiming that it is not railroad despite arguing the opposite in 2015. Metra's status of as a quasi-governmental entity does not mean it is not a railroad for the purposes of 65 ILCS 5/11-42.11.1(f). Indeed, the Illinois legislature could easily have carved out an exception for Metra and other similarly situated rail carriers when it enacted the statute – it did not.

Lastly, your citation to 47 USCS § 253 is likewise unpersuasive. As you note in your correspondence, state and local governments are permitted to required **fair and reasonable compensation** from communications providers for their use of public rights-of-way. The exorbitant fees required by Metra for utilities to install fiber at public rights-of-way have no bearing on Metra's actual costs or safety concerns and are thus neither fair nor reasonable. You also failed to acknowledge that Section 253 provides that "No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." The imposition of excessively high fees and onerous procedural hurdles undoubtedly has the effect of prohibiting the provision of much needed communications services to the citizen of Illinois. *See, Cellco Partnership v. City of Rochester*, 719 F. Supp.3d 256 (W.D.N.Y. 2024).

As stated above, Eagle 1 is committed to a productive and cooperative relationship with Metra to resolve any concerns, and we look forward to future discussions. That said if Metra continues to require more definitive guidance as to the applicability of 65 ILCS 5/11-42.11.1(f), it is always free to petition the Illinois Commerce Commission for a ruling.

Eagle 1 reserves all rights and defenses available under applicable law, including the right to contest any allegations or demands made in your letter. In the meantime, please direct all future correspondence regarding this matter to me.

I look forward to hearing from you and to further discussions.

Sincerely,

_____
Allison Rule
Partner
Marashlian & Donahue, PLLC
The *Comm*Law Group
1430 Spring Hill Road, Suite 310
McLean, Virginia 22102
Tel: 703-714-1312
Fax: 703-563-6222
Email: adr@CommLawGroup.com


Cc: Wyatt Harris, WHarris@CCGFiber.com
Jack Uidl, JUidl@metrarr.com