# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| COMMUTER RAIL DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY D/B/A/ METRA, <br><br> *Plaintiff,* <br><br> v. <br><br> METRO FIBERNET, LLC AND EAGLE 1 RESOURCES, LLC, <br><br> *Defendants*. | Case No. 25-cv-15045 <br> Honorable Jorge L. Alonso |

## DEFENDANT EAGLE 1 RESOURCES, LLC'S BRIEF REGARDING SUBJECT MATTER JURISDICTION

Pursuant to the Court's order, Defendant Eagle 1 Resources, LLC ("Eagle 1") respectfully files this brief regarding subject matter jurisdiction:

Eagle 1 stands on the arguments made, including case law cited, during the December 18, 2025 hearing before the Court. This brief is submitted simply to summarize those arguments in writing for the Court's consideration and convenience.

The Court must dismiss any case where it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). As a threshold issue, each federal court has an inflexible obligation, without exception, to ensure that it has jurisdiction over the cases before it. *Scott Air Force Base Props., LLC v. Cnty. of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008); *see also AbbVie Inc. v. Payer Matrix, LLC*, No. 23-CV-2836, 2023 WL 12067605, at *1 (N.D. Ill. Dec. 4, 2023). Unless there is subject matter jurisdiction, this Court lacks the ability enter injunctive relief. *In Touch Home Health Agncy, Inc. v. Azar*, 414 F. Supp. 3d 1177, 1184 (N.D. Ill. 2019) (citing *Medlock v. Trustees of Ind. Univ.*, 683 F.3d 880, 882 (7th Cir. 2012)). Plaintiff, as the party invoking

federal jurisdiction, bears the burden of demonstrating its existence. *Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). In other words, litigants who "call on the resources of a federal court" must establish that the court has such jurisdiction in the first place. *See Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

Plaintiff claims subject matter jurisdiction in this case based on diversity. Cmpl. ¶ 16. The difficulty is Defendant Metro Fibernet, LLC ("Metronet"). Plaintiff pleads Metronet's sole member is Devco Borrower, LLC which has a parent company of Metronet Holdings, LLC ("MH"). *Id.* ¶ 13. However, Plaintiff does not plead who the members of MH are. *Id.* This is insufficient under the Seventh Circuit's precedent.

For diversity purposes, the citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). If a member of an LLC "is itself a partnership or limited liability company, then the identity of each of these entities must be traced until we reach a corporation or natural person." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). Similarly, for the limited partnership member, it is a citizen of every state in which any partner is a member. *Am.'s Best Inns, Inc*, 980 F.2d at 1073. In a complaint asserting diversity jurisdiction, it is not enough simply to allege that an LLC's members are or are not citizens of a particular state; Plaintiff is required to *identify* the members so it is possible to verify the truth of the citizenship allegations. *AbbVie Inc.*, 2023 WL 12067605, at *1.

Here, the complaint fails to satisfy the standard. To ascertain if there is complete diversity, Metronet's citizenship must be traced up until there is a corporation or natural person. Yet, the complaint only goes as far as another LLC, MH. Cmpl. ¶ 13. At argument, Plaintiff speculated it is unlikely that MH is an Illinois citizen and may have indicated it has no reason to

believe MH is located in Illinois. This sort of argument is insufficient based on the cases cited above.

The complaint also claims jurisdiction per 28 U.S.C. § 1331 based on a statute, 47 U.S.C. § 253, a section of the federal Telecommunications Act. Cmpl. ¶ 16 n.3. Eagle 1 disagree there is "arising under" jurisdiction for purposes of section 1331 as pleaded. First, if this was a serious contention, it would be pleaded as such rather than relegated to a footnote. *Id.* As a footnote, it is not even clear if this is an allegation in the complaint or some sort of an aside. Regardless, the complaint contains three claims, trespass, ejectment, and unjust enrichment. *Id.* ¶¶ 55-78. These are all common law, state law claims. None of them arise as a result of 47 U.S.C. § 253. Tellingly, the statute is not cited in any of the three counts. Cmpl. ¶¶ 55-78. These are state law claims, not private rights of action created by a federal statute. There is no section 1331 jurisdiction in this case as pleaded.

Perhaps the 47 U.S.C. § 253 footnote is included in anticipation of the likely substantive disputes in this case. For example, maybe Metra is anticipating a defense Eagle 1 might raise and will use the Telecommunications Act in response to it. If so, that does not create jurisdiction; rather, it is framed by the complaint, not potential disputes in responses down the road. *See Vorhees v. Naper Aero Club,* 272 F.3d 398, 402 (7th Cir. 2001)

To be clear, if Plaintiff can resolve the diversity question by attaining MH's member(s)' information in short order, Eagle 1 has no objection. All Eagle 1 wants to avoid is an order granting or denying part or all of the injunctive relief requested if there is uncertainty as to whether the Court has jurisdiction to do so. If jurisdiction is satisfied and the case remains here, Eagle 1 suggests a telephonic status hearing, once the Court rules on the TRO motion, to set an orderly schedule on a preliminary injunction hearing (and discovery related to it). If there is

uncertainty as to jurisdiction, then no injunctive relief should issue in this case until the jurisdiction issue is resolved.

Dated: December 19, 2025

                                              Respectfully submitted,

                                              Eagle 1 Resources, LLC

                                              By: /s/ Michael S. Shapiro
                                                        One of its attorneys

Michael S. Shapiro (ARDC #6279776)
Michael P. Tomlinson (ARDC #6279930)
Katherine N. Vega (ARDC #6339791)
Tomlinson & Shapiro, P.C.
5440 N. Cumberland Ave., Ste. 111
Chicago, Illinois 60656
(312) 715-8770
mss@tomlinsonshapiro.com
mpt@tomlinsonshapiro.com
knv@tomlinsonshapiro.com

**CERTIFICATE OF SERVICE**

      I, Michael S. Shapiro, hereby certify that on December 19, 2025, I caused the foregoing to be filed using the CM/ECF system for the United States District Court for the Northern District of Illinois, which will send a notification of such filing to all counsel of record.

                                                /s/ Michael S. Shapiro