EXHIBIT 1



**STATE OF NEW JERSEY**
**Board of Public Utilities**
44 South Clinton Avenue, 1st Floor
Post Office Box 350
Trenton, New Jersey 08625-0350
www.nj.gov/bpu/

DIVISION OF AUDITS AND
OFFICE OF CABLE
TELEVISION AND
TELECOMMUNICATIONS

| | |
|---|---|
| IN THE MATTER OF PETITION OF METRO ) | ORDER |
| FIBERNET, LLC FOR AUTHORIZATION TO ) | |
| PROVIDE LOCAL EXCHANGE AND ) | |
| INTEREXCHANGE TELECOMMUNICATIONS ) | |
| SERVICES IN THE STATE OF NEW JERSEY ) | DOCKET NO. TE25030104 |

**Parties of Record:**

**Brian O. Lipman, Esq., Director,** New Jersey Division of Rate Counsel
**Stan Barrett, Esq., Attorney** for Metro Fibernet, LLC

BY THE BOARD:

On March 3, 2025, Metro Fibernet, LLC ("Metronet" or "Petitioner") filed a verified petition with the New Jersey Board of Public Utilities ("Board") pursuant to the New Jersey Telecommunications Act of 1992, N.J.S.A. 48:2-21.16 et seq. ("1992 Act"), and the Federal Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56 ("Federal Act"), seeking authorization to provide local exchange and interexchange telecommunications services throughout the State of New Jersey ("Petition"). In support of its Petition, the Petitioner submitted its financial statements subject to a claim of confidentiality pursuant to the Board's rules, N.J.A.C. 14:1-12.1 et seq., and consistent with the Open Public Records Act, N.J.S.A. 47:1A-1 et seq. ("OPRA"). Petitioner also sought a waiver of N.J.A.C. 14:10-1A.13, which requires financial material to comply with the Uniform System of Accounts ("USOA"), and of N.J.A.C. 14:1-5.15(a), pertaining to the requirement under N.J.S.A. 48:3-7.8 that all books and records incident to Petitioner's operations be maintained in the State of New Jersey. By this Order, the Board considers the Petition.

**BACKGROUND**

Petitioner is a Nevada limited liability company with a principal place of business at 11880 College Blvd., Suite 100, Overland Park, KS 66210. The sole member of Metro Fibernet, LLC is Metronet Devco Borrower, LLC ("Devco"). The ultimate parent company of both Metronet and Devco is Metronet Holdings, LLC ("Holdings"), a Delaware limited liability company.

According to the Petition, Petitioner has not been denied authority to provide telecommunications services in any state, nor has any state revoked the authority of Petitioner to operate therein. Moreover, neither Petitioner nor any of its officers has been or is currently the subject of any civil or criminal proceedings pending before any state or federal regulatory commission, administrative agency, or law enforcement agency that could adversely affect its ability to provide telecommunications services in New Jersey. Petitioner and its affiliates are authorized to provide telecommunications services in Arizona, Colorado, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Mexico, North Carolina, Ohio, Oklahoma, Texas, Virginia, Washington, and Wisconsin. Additionally, Petitioner has pending applications for Competitive Local Exchange Carrier ("CLEC") authority in Idaho, Oregon, and Tennessee.

The Petitioner has submitted its financial information under seal and has filed an affidavit with substantiation for confidential treatment, as allowed by OPRA, in accordance with the Board's rules for determining confidentiality, N.J.A.C. 14:1-12 et seq.

Petitioner stated that it has sufficient financial resources to initiate and maintain the local services and related operations in New Jersey. However, it will rely on the financial statement of Holdings to demonstrate its financial qualification to operate within New Jersey. Petitioner represented that it possesses sufficient financial, managerial, and technical resources and abilities to provide competitive telecommunications services in the State of New Jersey. In addition, Petitioner stated that the granting of this Petition will provide services designed to meet the individual needs of its carrier and enterprise customers in providing high-quality services to their end-user customers in an efficient and cost-effective manner. Grant of the requested authority is in the public interest because Petitioner's telecommunications services will strengthen competition and contribute to the further development of the State's telecommunications infrastructure.

Petitioner requested authorization to provide local exchange and interexchange telecommunications services throughout the State of New Jersey. The Petitioner intends to construct and install a high-speed fiber optic network capable of providing voice and internet services to residents and businesses (through its wholesale customer), and point-to-point telecommunications services, such as Ethernet, dark fiber, and other similar high-bandwidth services for high-speed data transport, to other telecommunications service providers in New Jersey on a wholesale basis. Petitioner does not intend to provide its services directly to residential or small business customers in New Jersey. Petitioner will do so using a combination of facilities-based and resold services. Upon certification, and prior to commencing service, the Petitioner indicated that it would post on its website the relevant rates, terms, and conditions as required by the Board's rules. Petitioner maintains a toll-free number for customer services.

On April 29, 2025, Board Staff issued a discovery request for clarification of the Petitioner's potential service offering of facilities-based landline voice telecommunications services to end users as well as Petitioner's plans to enter into an interconnection agreement with Incumbent Local Exchange Carriers ("ILECs") to offer such services. On June 13, 2025, Petitioner submitted a revised discovery response stating that it would consider providing facilities-based landline voice telecommunications services to residential or other end users, should the opportunity arise and market condition warrants, to the extent that doing so would be compatible with Petitioner's then-existing business model. Additionally, the Petitioner stated that it had not yet evaluated whether it would enter into an interconnection agreement with an ILEC or would instead rely on its own facilities and facilities of other voice partners who may have interconnection agreements with ILECs. To the extent that opportunity arises, and market conditions evolve to favor the

provision of facilities-based landline services in New Jersey, Petitioner would analyze its interconnection options based on the circumstances that obtain at that time.

Pursuant to N.J.A.C. 14:1-1.2(b), Petitioner sought a waiver of N.J.A.C. 14:10-1A.13, to the extent such regulation would require Petitioner's financial material to comply with the USOA. Petitioner submitted that the Board will have a reliable means by which to evaluate Petitioner's operations and assess its financial fitness with records kept in accordance with Generally Accepted Accounting Principles ("GAAP").

Petitioner also requests a waiver of N.J.A.C. 14:1-5.15(a), which requires that all books and records incident to Petitioner's operations be maintained in the State of New Jersey. The Petitioner's activities in the State of New Jersey will be managed from its principal place of business in New York, New York. Petitioner stated that maintaining its books and records in the State of New Jersey would place an undue financial burden on Petitioner as it competes with other carriers that maintain their books and records outside of the State of New Jersey. The ability to maintain its books and records out-of-state will reduce Petitioner's administrative and financial burden, increase the efficiency of its operations, and thereby enable Petitioner to offer its services in a more competitive manner. Upon a written request from the Board, Petitioner will produce such books and records at such time and place within New Jersey, as the Board may designate.

By letter dated June 30, 2025, the New Jersey Division of Rate Counsel ("Rate Counsel") indicated that it did not oppose the Petitioner's service authorization or waiver requests.

**DISCUSSION AND FINDINGS**

On February 8, 1996, the Federal Act was signed into law to promote competition and remove barriers to entry into telecommunications markets. To that end, 47 U.S.C. § 253(a) provides that "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." However, pursuant to 47 U.S.C. § 253(b), the Board, as the State's regulatory authority, may impose requirements necessary to protect the public safety and welfare, ensure the continued quality of telecommunications services, and safeguard the rights of consumers on a competitively neutral basis that is consistent with universal service.

In considering the instant Petition for CLEC authority to provide local exchange and interexchange telecommunication services, the Board recognizes its obligation to not prohibit entry into intrastate telecommunications markets by qualified applicants.[1] The Board additionally notes that, pursuant to the 1992 Act and based on the Legislative findings that "competition will promote efficiency, reduce regulatory delay, and foster productivity and innovation" and "produce a wider selection of services at competitive market-based prices," State policy is to "[p]rovide diversity in the supply of telecommunications services."[2] Consistent with State and federal law, the Board is empowered to grant CLEC authority to telecommunications companies seeking to provide service in New Jersey.[3]

---

[1] 47 U.S.C. § 253(a).

[2] N.J.S.A. 48:2-21.16(a)(4), (b)(1), and (b)(3).

[3] N.J.A. 48:2-13 and 48:2-21.20(d).

Therefore, having reviewed the Petition and the information supplied, the Board **HEREBY FINDS** that, with respect to its request for approval to provide local exchange and interexchange services in New Jersey, Petitioner meets the Board's filing requirements. Accordingly, the Board **HEREBY AUTHORIZES** Petitioner to provide local exchange and interexchange telecommunications services in the State of New Jersey. The granting of such authority conveys certain rights and privileges upon the Petitioner in its designation as a CLEC in New Jersey. To the extent that a CLEC entity provides unregulated services, CLEC benefits, rights, and privileges granted by the Board are not applicable to those unregulated services.

Pursuant to N.J.S.A. 48:2-21.19(a)(2) and N.J.A.C. 14:10-5.2, Petitioner shall make the rates, terms, and conditions of said service publicly available on its website and shall provide a printed copy of those terms and conditions to a customer upon request and the link to the CLEC website with this information for inclusion on the Board's website.

The Board **HEREBY ORDERS**:

1) Pursuant to N.J.S.A. 48:2-21.19(a)(2) and N.J.A.C. 14:10-5.2, Petitioner shall post the terms and conditions of its retail competitive services on its website in a publicly available location and shall also provide a printed copy of those terms and conditions to a customer upon the customer's request.

2) Petitioner shall provide the Board and Rate Counsel with a link to the page of the website described above that contains the terms and conditions of its competitive local exchange and interexchange telecommunications services no later than five (5) days after the effective date of this Order. To ensure service quality, the Petitioner shall notify the Board within ten (10) days from the date it begins providing such services to New Jersey customers. Petitioner shall otherwise comply with N.J.A.C. 14:10-5.1 to -5.8 with respect to any initial offerings of service or revisions to rate, terms, and conditions.

3) In the event Petitioner intends to provide or provides services requiring the provision of 9-1-1 or E-9-1-1 services under Federal law, Petitioner shall provide the Board with a link to the page of its website that contains the terms and conditions of 9-1-1 and E-9-1-1 services to ensure that Petitioner's owned/leased facilities are equipped to provide reliable and functional access to 9-1-1 and E-9-1-1 services to subscribers. To ensure service quality, the Petitioner shall notify the Board within ten (10) days from the date it begins providing such services to New Jersey customers.

4) Pursuant to N.J.S.A. 48:2-16(2)(b), N.J.A.C. 14:3-6.3, and N.J.S.A. 48:2-62, Petitioner shall file an annual report and a statement of gross intrastate revenues from operations form (AR3-1) as of December 31 of each year, which is due on or before March 31 and June 1 of the following year, respectively. If Petitioner does not receive the Board's annual report package from the Division of Audits on or before February 1 of each year, it is Petitioner's responsibility to obtain the annual report package from the Board. It is also the Petitioner's responsibility to ensure timely filing of these reports. Pursuant to N.J.S.A. 48:2-16.3, if Petitioner fails to file an annual report by the due date, Petitioner shall be subject to a penalty of five-dollars ($5.00) for each day thereafter until such report is filed.

5) In accordance with N.J.S.A. 48:2-59, N.J.S.A. 48:2-60, and N.J.S.A. 52:27EE-52, Petitioner is subject to an annual assessment by both the Board and Rate Counsel, respectively.

6) Failure to comply with this order may result in monetary penalties pursuant to N.J.S.A. 48:2-42, suspension of CLEC authority, and/or revocation of CLEC authority.

The Petitioner additionally requested a waiver of N.J.A.C. 14:10-1A.13 and N.J.A.C. 14:1-5.15(a). Upon review, the Board **HEREBY FINDS** that the Petitioner demonstrated requisite good cause for the Board to grant such relief pursuant to N.J.A.C. 14:1-1.2. Accordingly, the Board **HEREBY GRANTS** Petitioner's request to adhere to the GAAP and waives both the USOA requirements at N.J.A.C. 14:10-1A.13 and bookkeeping requirements at N.J.A.C. 14:1-5.15(a).

This Order shall be effective September 17, 2025.

DATED: September 10, 2025

BOARD OF PUBLIC UTILITIES
BY:

CHRISTINE GUHL-SADOVY
PRESIDENT

DR. ZENON CHRISTODOULOU
COMMISSIONER

MICHAEL BANGE
COMMISSIONER

ATTEST:

SHERRI L. LEWIS
BOARD SECRETARY

I HEREBY CERTIFY that the within document is a true copy of the original in the files of the Board of Public Utilities.

IN THE MATTER OF PETITION OF METRO FIBERNET, LLC FOR AUTHORIZATION TO PROVIDE LOCAL EXCHANGE AND INTEREXCHANGE TELECOMMUNICATIONS SERVICES IN THE STATE OF NEW JERSEY

DOCKET NO. TE25030104

SERVICE LIST

**Petitioner**

11880 College Blvd., Suite 100
Overland Park, KS 66210

Rose Mulvany Henry
Vice President of Regulatory Affairs
rose.mulvanyhenry@metronet.com

Randy Kiesel
Senior Regulatory Manager
randy.kiesel@metronet.com

**Petitioner Attorney**

101 Eisenhower Parkway
Roseland, New Jersey 07068

Stan Barrett, Esq.,
sbarrett@bracheichler.com

Dennis C. Linken, Esq.,
dlinken@bracheichler.com

**Division of Rate Counsel**
140 East Front Street, 4th Floor
Trenton, New Jersey 08625-0003

Brian O. Lipman, Esq., Director
blipman@rpa.nj.gov

Emily Lam, Esq.
elam@rpa.nj.gov

Robert Glover, Esq.
rglover@rpa.nj.gov

**Department of Law & Public Safety**
Division of Law
NJ Department of Law and Public Safety
Richard J. Hughes Justice Complex
Public Utilities Section
25 Market Street, P.O. Box 112
Trenton, NJ 08625

Pamela Owen, Chief, DAG
pamela.owen@law.njoag.gov

Jack Ventura, DAG
jack.ventura@law.njoag.gov

**Board of Public Utilities**

44 South Clinton Avenue, 1st Floor
Post Office Box 350
Trenton, New Jersey 08625-0350

Sherri L. Lewis, Board Secretary
board.secretary@bpu.nj.gov

Stacy Peterson, Deputy Executive Director
stacy.peterson@bpu.nj.gov

Division of Audits

Alice Bator, Director
alice.bator@bpu.nj.gov

Paul Buhagiar, Deputy Director
paul.buhagiar@bpu.nj.gov

Matthew Holman, Auditor
matthew.holman@bpu.nj.gov

Jesse Flax, Auditor
jesse.flax@bpu.nj.gov

Office of Cable Television and Telecommunications

Lawanda Gilbert, Director
lawanda.gilbert@bpu.nj.gov

Counsel's Office

Ava-Marie Madeam, General Counsel
avamarie.madeam@bpu.nj.gov

Elspeth Faiman Hans, Deputy General Counsel
elspeth.hans@bpu.nj.gov

Kit Burnette, Associate Counsel
kit.burnette@bpu.nj.gov